## J. L. PIPES, JR. V. STATE.

No. 29,834. May 28, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 28, 1958.

*Burks & Brown,* by *Clifford W. Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is operating a motor vehicle while license was suspended; the punishment, five days in jail and a fine of $50.00. Trial was before the court without the intervention of a jury.

Officer Yocum of the Lubbock police testified that on September 5, 1956, he observed an automobile being driven at an unlawful rate of speed, gave chase, asked the appellant, who was the driver thereof, for his operator's license and was informed that he had none because it had been suspended.

Lee, of the driver's license division of the Texas Department of Public Safety, testified that he had before him the records

of the appellant's operator's license which he had secured from the headquarters of his division at Austin. He stated that on June 29, 1956, the appellant was the holder of an operator's license and, from such record, introduced in evidence a "Voluntary Waiver and Surrender of Driver's License" executed by appellant on that day, together with the report of the Justice of the Peace of Precinct #2 of Crosby County finding that the appellant as a driver had been responsible for an accident resulting in serious property damage and death of another and that appellant was an habitual violator of the traffic law and certifying such facts to the Texas Department of Public Safety for appropriate action.

The appellant did not testify or offer any evidence in his own behalf.

We shall discuss the contentions advanced by appellant's eminent counsel.

At the time Officer Lee testified that the appellant was on June 29 the holder of an operator's license, appellant objected that it was not the best evidence and did not show that he was the holder of a *valid* operator's license. Lee had no copy of appellant's license. Lee had before him appellant's record from the Texas Department of Public Safety, and under Section 11 of Article 6687b, V.A.C.S., such fact is conclusive that the appellant at one time had been issued a license of one of the types provided by the statute. If appellant had lost his license and was therefore unable to surrender it upon its suspension, or for any other reason it was not produced, this could not defeat the suspension. As stated, the fact that he had a record in the department meant that he had been issued a valid license by the department at some time.

Appellant next contends that the "Voluntary Waiver and Surrender" shows on its face that the appellant was not given the ten days notice required by Section 22a of Article 6687b, supra, and therefore questions the validity of the suspension. He relies upon Texas Dept. of Public Safety v. Hamilton, 304 S.W. 2d 719, in support of his contention that he could not under the statute waive the ten days notice. We do not so construe the case but conclude, rather, that it holds that a hearing is requisite. Here, the appellant had a hearing and voluntarily surrendered his license at such hearing.

He next contends that an order of the Texas Department of

Public Safety suspending his license should have been introduced in evidence. As stated, the report of the justice of the peace was introduced, and Lee testified that he was the officer in charge of such revocation. Concerning action by the department on such report, we find the following:

"Q. And on that basis the judgment of the Justice Court of Crosby County, Texas was taken, entitling the Department to suspend J. L. Pipes, Jr.'s operator's license on that date, is that right? A. Yes, sir.

"Q. And was that judgment of the court complied with? A. It was, sir.

"Q. And for what length of time was that suspension granted?"

The only logical interpretation to be given to the above is to conclude that the Texas Department of Public Safety acted on the report and suspended the license. Though proper, it was not necessary to introduce the order of revocation. Here, we have the report plus the testimony that the report was acted upon and the license suspended.

Appellant's motion to quash the information was predicated upon its failure to allege that the appellant had been a person to whom a *valid* operator's license had been issued. We conclude that the omission of the word "valid" would not vitiate the information.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

DAVIDSON, Judge, dissenting.

What was the date of the issuance of the license here involved? No answer. When did the license here involved expire? No answer. What was the date the license of appellant was suspended? No answer. Under whose authority was an order entered suspending the license? No answer. For what period was the license suspended? No answer. Was the suspension in effect when appellant drove the automobile? No answer.

Nothwithstanding the fact that the record in this case fails to reflect any answer to those questions, my brethren affirm the judgment of conviction and thereby hold that appellant had a

valid license; that it was in force and effect at the time of its suspension; that some authority under the laws of this state having the power to suspend a license entered an order suspending such license for some definite period of time; and that appellant drove his automobile at a time within the period of suspension.

This record reflects nowhere that the state established, by proof, any of the elements necessary to show the guilt of the accused.

I know of no case affirmed upon fewer facts to support the conviction than that here presented.

To suspend a license there must be, first, a valid license. A license that has expired is dead and not subject to be suspended. Bryant v. State, 163 Texas Cr. Rep. 544, 294 S.W. 2d 819.

Only the courts have the power to suspend a license. Their judgment would be the best evidence.

The Texas Department of Public Safety has the power to enter an order suspending a license, but such order is interlocutory and becomes final only after the approval by the courts or after the expiration of the ten-day period for appeal. Texas Department of Public Safety v. Hamilton, 304 S.W. 2d 719.

I respectfully dissent.