## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

## Donald A. PREBLE, Appellee.

### No. 14693.

Court of Civil Appeals of Texas.

Houston.

Jan. 27, 1966.

———◇———

Joe Resweber, County Atty., Bruce D. Mosier, Asst. County Atty., Houston, for appellant.

Coleman & Chanslor, Herbert J. Coleman, Houston, for appellee.

BELL, Chief Justice.

Appellee filed suit under Article 2524–1, Vernon's Ann.Tex.Civ.St., seeking a declaratory judgment that all suspensions of his operator's license to operate a motor vehicle that were asserted by appellant for offenses committed after his license had expired by its own terms on March 21, 1963, were of no effect.

The trial court concluded that there was no authority to suspend a license for offenses committed after the date on which appellee's license expired. However, it held that for offenses committed during the life of the license, the license could be suspended for a period or periods that would make the term of suspension extend beyond the expiration date of the license. It then concluded the suspensions made for offenses committed during the life of the license were effective to suspend the license until May 31, 1965. Under the contention of appellant, appellee's license stands suspended until May 31, 1968.

The facts are found in the court's judgment and no challenge is made of the findings. There is no statement of facts. These are the facts found:

1. Appellee's license expired by its own terms March 21, 1963.

2. On May 31, 1962, the license was suspended for a period of one year on an affirmative finding by appellant that appellee was an habitual violator.

3. On December 14, 1962, appellee was convicted of driving while license was suspended. Under Article 6687b, Sec. 24, Subsection 5(c), this had the effect of automatically extending the period of suspension for another year or until May 31, 1964.

4. On February 1, 1963, appellee was again convicted of driving while his license was suspended and therefore under the cited article there was an additional one year extension of the suspension, which would carry the suspension to May 31, 1965.

The appellee, in his pleading in the trial court and in oral argument before us, admits the suspensions of May 31, 1962 and December 14, 1962 were effective to suspend the license until May 31, 1964, because they became effective before the license expired. While we do not find such an express admission as to the suspension of February 1, 1963, it would seem the admission would also be effective as to this suspension because it became effective during the life of the license. This would carry the suspension to May 31, 1965. The trial court concluded such suspensions were effective until May 31, 1965.

Actually here involved are the successive one year suspensions asserted by appellant as having been imposed automatically when

appellee was convicted on May 28, 1963, August 27, 1963 and December 23, 1963, for the offense of driving while license was suspended.

Appellant asserts it does not itself in a case like this suspend the license but the cited statute operates to automatically extend an existing suspension. It contends such additional suspension is a part of the substantive penalty fixed by law for the offense of driving while license is suspended.

Appellee says you cannot suspend that which does not exist and the license to drive ends with its expiration date.

■ We are of the view that the suspension prescribed by Article 6687b Sec. 24, Subsection (c) is automatic upon conviction for the offense of driving while license is suspended. It is a part of the criminal penalty fixed by law for such offense and becomes effective upon the conviction becoming final. We are further of the view that the suspensions are cumulative and remain in effect until the expiration date of the last suspension, regardless of the fact that the license suspended has expired. The suspensions involved here are not those imposed under authority of law by the Department of Public Safety. They are suspensions automatically imposed by law when a licensee has committed the offense of driving while license is suspended. What is suspended is not merely the license that may have been issued by appellant which is evidence of a license to drive, but the privilege of driving.

Article 6687b, Section 4, Subsection 4, provides appellant shall not issue a license to an operator whose license has been suspended, during the period of such suspension. The necessary meaning of this is that a person has at one time had a license, it has expired or is expiring, so there is need to obtain the issuance of another license, but none can be issued if the applicant's privilege to drive is in a state of suspension. If a state of suspension ended with the expiration date of the license, as appellee contends, then this provision of the law would be meaningless.

Article 6687b, Section 24, Subsection 5(c), provides that upon conviction for driving while license is suspended, the suspension shall be automatically extended for a like period as the original suspension and that this suspension is in addition to any other penalty assessed as provided in the driver's licensing law.

■ Where the statute provides for suspension of a license upon conviction for certain offenses, the statute is self-operative and the license is automatically suspended upon a final conviction. No action by a court, jury or the Department of Public Safety is necessary to effect a suspension of the privilege to drive. Hays v. Department of Public Safety, 301 S.W.2d 276 (Tex.Civ.App.), writ dism.; Gilbert v. State, 152 Tex.Cr.R. 200, 212 S.W.2d 182; Tatum v. Texas Department of Public Safety, 241 S.W.2d 167 (Tex.Civ.App.), writ ref.; Beach v. State, 150 Tex.Cr.R. 193, 199 S.W.2d 1020.

The Court of Criminal Appeals in the case of Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654, over a vigorous dissent, sustained a conviction for the offense of driving while license was suspended where the offense occurred during a period of suspension but after the date of the expiration of the license.

In the case of Pipes v. State, 166 Tex.Cr.R. 463, 314 S.W.2d 313, the same court, again over a vigorous dissent, sustained a conviction for driving while license was suspended, when the evidence merely showed that a license had at one time been issued and had been suspended. The expiration date of the license was not shown.

Each of the above cases involved suspensions that were made automatic by statute because of a conviction for specified offenses.

In the case of Tatum v. Texas Department of Public Safety, supra, the Austin Court of

Civil Appeals held there was no appeal from the refusal of the Department of Public Safety to issue a new license while an old license was in a state of suspension by virtue of successive periods of automatic suspensions. The effect of the holding is that automatic suspensions are effective to suspend the privilege to drive regardless of the expiration date of the license that had been issued. Too, it held the periods of automatic suspension were cumulative. A very thorough analysis is made of the pertinent statutory provisions. It is significant that the Supreme Court unqualifiedly refused a writ of error.

Appellee relies on Bryant v. State, 163 Tex.Cr.R. 544, 294 S.W.2d 819; Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67, and, Department of Public Safety v. Austin, 163 Tex. 280, 354 S.W.2d 376.

Bryant is distinguishable on the ground that the evidence failed to show there had ever been a suspension; a license had merely expired. Conviction for driving while license was suspended could not stand where it had never been suspended.

In Boston our Supreme Court did dismiss an appeal as moot and expressly stated it was moot because the license which the Department had suspended had expired. The proceeding involved a suspension ordered by the Department and did not involve an automatic suspension fixed by law as a part of the penalty fixed by law for driving while license was suspended.

It seems to us, however, that Austin is not contrary to what we hold. There the Department, under authority of Article 6687b, Section 22, Subsection b(4), suspended Austin's license because he had driven his automobile while his license was suspended, though he was only charged with the penal offense of speeding. Austin appealed from the Departmental order to the County Court at Law. The trial court set aside the order and the Department appealed to the Court of Civil Appeals. As best we can calculate the period of suspension, it would have expired December 11, 1960, except for the fact that under Section 22, an appeal has the effect of suspending the suspension. (See also Drake v. Texas Department of Public Safety, 393 S.W.2d 320 (Tex.Civ.App.). On February 21, 1961, the Department issued a new license, the old one having expired. The Court of Civil Appeals dismissed the appeal because it was moot and relied on Boston v. Garrison, supra; Stogner v. State of Texas, 309 S.W.2d 470 (Tex. Civ.App.), n. w. h.; and Hoover v. Texas Dept. of Public Safety, 305 S.W.2d 228 (Tex.Civ.App.), n. w. h. The Supreme Court, however, held the appeal was not moot. It noted that in Boston the period of suspension had itself expired. It noted that in Austin the license had expired and a new license had issued. To us the effect of this case is to hold that a suspension, even though it was not an automatic one, would be effective beyond the expiration date of a license. If this is not true, the appeal would have been moot. If it be urged that a new license had issued and the period of suspension, if sustained, as it was on reconsideration by the Court of Civil Appeals, would operate to suspend the new license, the effect still is to hold the privilege to drive may be suspended beyond the expiration date of a license. This is true because the court is making effective as against a subsequently issued license, a suspension that was made prior to its issuance for acts committed prior to its issuance.

We, therefore, reverse the judgment of the trial court insofar as it declared the suspensions of appellee's operator's license for the convictions occurring past March 21, 1963, are ineffective. We render judgment declaring that appellee's convictions for driving while license is suspended on May 28, 1963, August 27, 1963, and December 23, 1963, were each effective to automatically suspend his privilege to operate a motor vehicle for an additional one year period; that the periods of suspension are cumulative; and, that such license or privilege to drive stands suspended until May 31, 1968.

Reversed and rendered.