**Donald Arthur PREBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39046.**

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Rehearing Denied April 13, 1966.

Second Motion for Rehearing Denied June 1, 1966.

Ray Stevens, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Edward B. McDonough, Jr., and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant was found guilty of the misdemeanor offense of unlawfully driving and operating a motor vehicle upon a public street and highway while his license was suspended; the punishment, a fine of $1500.00.

Appellant stipulated to the two prior convictions alleged in the information and complaint. He further stipulated that he was legally arrested on April 28, 1965, while driving a motor vehicle on a public street and highway in Houston, Harris County, Texas, and that his license was suspended at the time.

J. R. Dvorsky, Texas Department of Public Safety employee and custodian of appellant's driver's record, testified as to the following facts:

On May 31, 1962, appellant's operator's license was suspended for a period of twelve months after the Corporation Court of Houston found him to be an habitual violator of traffic laws under the provisions of Section 22, Article 6687b, Vernon's Annotated Civil Statues.

On December 14, 1962, appellant was convicted of driving while license suspended and, under Section 24, Article 6687b, V.A.C.S., his license was automatically suspended for an additional year, beginning May 31, 1963.

On February 1, 1963, appellant's license was suspended for an additional twelve months under Section 22 of the same article upon a finding of the Corporation Court of Houston that appellant had committed an offense for which automatic suspension is made. This suspension began May 31, 1964, and, by its terms, would have terminated May 31, 1965.

It is uncontradicted that, by its own terms, appellant's driver's license expired on March 21, 1963—over two years before his arrest in this cause. The license was not renewed.

Three other orders of suspension were issued on subsequent occasions for offenses committed after the expiration date of appellant's license, with the result that, at the time of his trial, appellant's license was purportedly suspended until May 31, 1968. As these suspensions are not material to the disposition of this case, detailed discussion is not necessary.

Appellant advances one contention for reversal of this cause. It is his position that an operator's license, expired by its own terms, cannot be in a state of suspension; therefore, conviction for driving while license suspended, based on an act committed after the expiration date of the operator's license, was error.

Since the present offense occurred on April 28, 1965, we are concerned here only with those suspensions of May 31, 1962; December 14, 1962; and February 1, 1963, which the state contends have the effect of suspending appellant's operator's license until May 31, 1965. These suspensions were for offenses committed during the life of appellant's license.

Contentions of a related nature were considered in the recent decision of the Houston Court of Civil Appeals in Texas Department of Public Safety v. Preble, 398 S.W.2d 785, January 27, 1966. In that case, Preble (appellant here) sought a declaratory judgment that all suspensions of his operator's license for offenses committed after his license had expired of its own terms, were of no effect. The trial court concluded that there was no authority to suspend a license for offenses committed after the expiration date of that license, but that for offenses committed during the life of the license, that license could be suspended even though the terms of such suspension extended beyond the expiration date of the license. In other words, the trial court concluded that the suspensions of May 31, 1962; December 14, 1962; and February 1, 1963, with which we are herein concerned, were effective to suspend the license until May 31, 1965.

The Court of Civil Appeals, speaking through Chief Justice Spurgeon E. Bell, who was formerly the respected and capable State's Attorney for the Court of Criminal Appeals, reversed the judgment of the trial court insofar as it declared that the suspensions for convictions occurring after March 21, 1963, were ineffective. Judgment was rendered declaring that the convictions for driving while license is suspended on May 28, 1963; August 27, 1963, and December 23, 1963, were each effective to automatically suspend appellant's privilege to operate a motor vehicle for an additional one year period; that the periods of suspension are cumulative; and that such license or privilege to drive stands suspended until May 31, 1968.

This Court has also written on this issue. In Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654, appellant's license was suspended on August 3, 1956, and expired one month later on September 7, 1956. The Court affirmed a conviction for driving while license was suspended where the offense occurred on March 31, 1957—six months after the expiration date of the license, but during the term of suspension.

Appellant relies upon Department of Public Safety v. Austin, 163 Tex. 280, 354 S.W. 2d 376; Bryant v. State, 163 Tex.Cr.R. 544, 294 S.W.2d 819; Rushing v. State, 161 Tex.Cr.R. 334, 277 S.W.2d 104; and Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67.

Department of Public Safety v. Austin, supra, does not support appellant's position. In that case the Department appealed from the decision of a county court setting aside a Department suspension. While the appeal was pending, Austin applied for a renewal license. In light of Section 18, Article 6687b, V.A.T.S., as construed in Texas Department of Public Safety v. Azar, 1954, Tex.Civ.App., 274 S.W.2d 911, error refused, n. r. e., the Department had no alternative but to issue the renewal license. The Court of Civil Appeals thereafter dismissed the appeal, holding that since the suspended license had expired, the case had become moot. Although the license which had been suspended had expired, and a new license issued, the Supreme Court reversed and remanded the case for a decision on the merits. The effect of the Supreme Court decision must be that the privilege to drive may be suspended beyond the expiration date of the license.

In Bryant v. State, supra, conviction was reversed by this Court because the proof showed that the operator's license of the accused had expired prior to the date he was charged with having driven while his license was suspended, and no order of suspension had been issued prior to the expiration date of the license. In other words, the evidence there failed to show that there ever was a suspension. Such is not the situation in the case at bar.

Rushing v. State, supra, involved a conviction for driving while license was suspended which was reversed by this Court because there was no proof that an operator's license had been issued to the accused or, if one had been issued, that it was suspended. There is no such deficiency in the state's proof in this case.

In Boston v. Garrison, supra, appellant sought to enjoin the Department from suspending his license, and the license expired during the pendency of this action. The Supreme Court of this State dismissed the appeal because the question was moot, stating that the life of the license was not extended by the appeal. We are not in disagreement with this decision. Section 31, Article 6687b, V.A.T.S., which authorizes appeal from orders denying, cancelling or revoking a license, provides that the license shall not be suspended pending the appeal. This being true, the license was not suspended when it expired. This distinguishes Boston from the case before us. See Drake v. Texas Department of Public Safety, 393 S.W.2d 320.

We think that Chief Justice Bell correctly interpreted the law when he stated in Texas Department of Public Safety v. Preble, supra:

"Article 6687b, Section 4, Subsection 4, provides appellant shall not issue a license to an operator whose license has been suspended, during the period of such suspension. The necessary meaning of this is that a person has at one time had a license, it has expired or is expiring, so there is need to obtain the issuance of another license, but none can be issued if the applicant's privilege to drive is in a state of suspension. If a state of suspension ended with the expiration date of the license, as appellee contends, then this provision of the law would be meaningless."

■ We further agree with Chief Justice Bell's conclusion that what is suspended as a result of these convictions is the privilege of driving, and not merely the license issued by the Department, which is merely documentation of the fact that its holder may lawfully operate a motor vehicle.

■ From our review of the above cases and statutory provisions as we interpret them, we reach the conclusion that, notwithstanding the fact that appellant's license bore an expiration date of March 21, 1963, his license or privilege to drive a motor vehicle on the streets and highways of this State was effectively suspended on April 28, 1965, by virtue of the orders entered prior to such expiration date.

The evidence is sufficient to sustain appellant's conviction.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant insists that in our opinion on original submission we misinterpreted his contentions and that the questions presented were as stated on page 3 of his brief, as follows:

(1) Was the suspension order of February *20*, 1963—to become effective fourteen months after appellant's license had expired—a valid suspension?

(2) Was the extension order, entered after his license had expired, valid and effective?

We have again reviewed the record in the light of the questions presented and remain convinced that a proper disposition was made of the case on original submission.

As shown in our original opinion, appellant was issued an operator's license which bore an expiration date of March 21, 1963.

Prior to such expiration date, the license was three times suspended—on May 31, 1962, December 14, 1962, and February 1, 1963—for periods of one year, under the provisions of either Section 22 or 24 of Article 6687b, supra. The suspensions were cumulated, and the last suspension terminated on May 31, 1965. Other orders of suspension were made after the expiration date of the license, which as stated in our original opinion, are not material to a disposition of the case.

In Goolsby v. State, supra, cited in our original opinion, this court affirmed a conviction for driving-while-license-suspended, where the license was suspended prior to its expiration date and the offense was committed after such date but during the period of suspension.

We adhere to such decision and reaffirm our holding that the orders of suspension entered prior to the expiration date of appellant's license were valid and cumulative so as to suspend the license beyond the expiration date (March 21, 1963) stated thereon.

Under such orders, appellant's license was in a state of suspension on April 28, 1965, when he operated his automobile upon a public street and highway.

In our original opinion we cited the opinion of Chief Justice Bell, of the Houston Court of Civil Appeals, in Texas Department of Public Safety v. Preble, 398 S.W. 2d 785, in support of the conclusion reached in the present case. In that case the same three suspensions of appellant's license were held to effectively cumulate and extend the period of suspension to May 31, 1965.

Appellant suggests that the opinion of the Court of Civil Appeals is incorrect in treating the February 1, 1963, suspension as one under Sec. 24 of Art. 6687b, supra, upon a conviction for driving-while-license-suspended, because in fact it was made under Sec. 22 of Art. 6687b, supra, upon an affirmative finding by a corporation court.

■ Whether the suspension was under Sec. 22 or Sec. 24 of Art. 6687b does not

affect its validity. If under Sec. 24, it was a valid automatic suspension, and cumulative. If under Sec. 22, as shown in the record before us, it was made by the Department under the provisions of Sec. 22(b) 1, which reads:

"The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

"(1) Has committed an offense for which automatic suspension of license is made upon conviction;"

We hold that in ordering a suspension under this provision of the statute, the Department was authorized to make the same cumulative with other prior suspensions.

The motion for rehearing is overruled.

Opinion approved by the court.