Donald Wayne **CATHY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38951.

Court of Criminal Appeals of Texas.

April 13, 1966.

Rehearing Denied May 25, 1966.

Victor R. Blaine, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Robert J. Musslewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is driving while license suspended; the punishment, enhanced by proof of a prior conviction, is 30 days confinement in jail and a fine of $300.00.

Officer Joe Dvorsky of the Texas Department of Public Safety testified that he had custody of appellant's driver's record, and that this record revealed that appellant had been issued a commercial operator's license which bore an expiration date of September 23, 1960.

The record further reflects that his license was suspended effective November 17, 1959, after a corporation court of Dallas, Texas, held a hearing at which appellant was found to be an habitual violator of the traffic laws as defined in Section 22, Article 6687b, Vernon's Ann.Tex.Civ.St.

On August 30, 1960, a Dallas corporation court found that appellant had committed an offense for which his license could be automatically suspended, and the Department of Public Safety entered an order suspending appellant's license for an additional twelve-month period from November 17, 1960, until November 17, 1961.

Three subsequent automatic suspensions resulted from convictions for driving while license was suspended, as provided for by Section 24, Article 6687b, with the effect that appellant's license was purportedly under suspension until November 17, 1964, at the time he was arrested for the present offense.

Appellant stipulated that he had driven a motor vehicle upon a public street in Harris County, Texas, on October 4, 1964, and further stipulated that he had been previously convicted of driving while his license was suspended on May 22, 1963.

Appellant's one contention on appeal is that the evidence is insufficient to support his conviction. More specifically, the first two suspensions described above were ordered by the Department as a result of hearings held before the corporation court, and it is appellant's position that he had no notice that either hearing was to be held, and further that he was not notified of the results of either hearing or of the action taken by the Department. He argues that the Department, in ordering the suspension of his license without notice of the hearings or orders, exceeded the authority granted by Section 22 of Article 6687b, and these suspensions are therefore void. Consequently his commercial operator's license was not under suspension on September 23, 1960, when it expired. Appellant contends he has had no license since that date

and that his conviction here, for driving while his license was suspended, is necessarily void, because one of the elements of proof—that the accused possess a license which was suspended—was not proven.

The facts necessary for determination of this issue are found in appellant's driver's record, which shows that notice of the first hearing held on November 17, 1959, was mailed to appellant by certified mail on November 3, 1959, and that this notice was returned to the Department undelivered and not receipted for. Following the hearing, the Department entered its order suspending appellant's license for one year effective November 17, 1959, and notice of the action taken by the Department was sent by certified mail to appellant at the address stated on his license. This notice was also returned to the Department undelivered and not receipted for. It is undisputed that appellant was told by a Dallas police officer in July, 1960, that his license was suspended and advised that another hearing would be held concerning his driving status, but the record does not reflect that appellant had notice, actual or constructive, as to when the hearing would be held. Notice was mailed by certified mail that a hearing would be held August 30, 1960, but this notice was not received by appellant, according to his driver's record, which also fails to show that notice of the suspension order was sent to appellant after this hearing.

 From these facts, it is clear that service, as required by Section 22, Article 6687b, was not had upon appellant. Podany v. State, 172 Tex.Cr.R. 451, 358 S.W.2d 118. Article 6687b does not authorize suspension of a license without notice and hearing except as provided by Section 24, not applicable here. Texas Department of Public Safety v. Hamilton, 157 Tex. 616, 306 S. W.2d 712. The suspensions effective November 17, 1959, and November 17, 1960, are therefore void. As appellant's license was not under suspension on its date of expiration, it expired on September 23, 1960. The record shows that there was no renewal of appellant's privilege to operate a motor vehicle, and there is no evidence that he was issued a new license. The state has failed to show that appellant had a license which was suspended on the date of the offense alleged, and the conviction cannot stand. Bryant v. State, 163 Tex. Cr.R. 544, 294 S.W.2d 819.

 The state contends that appellant's stipulation at his trial that on May 22, 1963, he was duly and legally convicted of driving while license was suspended was an admission that he had a license at that time and that the license was suspended, and that having admitted this, appellant is precluded from asserting that the 1959 and 1960 suspensions are void, because these suspensions were necessary to obtain the 1963 conviction.

Even if we assume that in successive criminal actions the judgment of the former action operates as an estoppel in the latter as to every point and question which was actually litigated and determined in the first action, there is no indication that the validity of the 1959 and 1960 suspensions has ever been challenged, and the 1963 conviction for driving while license was suspended cannot be considered conclusive on this issue. It is incumbent upon the state in every cause of action to prove the elements of the offense charged. One of the elements of the offense of driving while license is suspended is that the accused's privilege to drive a motor vehicle must be suspended at the time of the alleged offense. Under this court's interpretation of Article 6687b, this means that the state is required to prove that the accused had a license which was suspended at the time of the alleged offense, or that the accused's privilege to drive was suspended at the time his license expired by its own terms, and that because of an unbroken chain of successive suspensions, that privilege remained suspended from the expiration date to the time of the alleged offense. Preble v. State, Tex.Cr. App., 402 S.W.2d 902, opinion delivered

February 9, 1966. The state has failed to prove this element of the offense. We overrule the state's contention that appellant's stipulation as to his prior conviction estopped him from asserting his defense that he had no license which could be under suspension at the time of the alleged offense. See Lee v. State, 86 Tex.Cr.R. 146, 215 S.W. 326.

The judgment is reversed and the cause remanded.