**Odis Pippen ALLEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 037–84.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 1984.

---

Michael R. Hoffman, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, William Edie and Catherine Stagman, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of the offense of driving with license suspended, Tex.Rev. Civ.Stat.Ann., Art. 6687b, sec. 34 (Vernon, 1977), and the jury assessed punishment at six months confinement and a fine of five hundred dollars. The judgment was affirmed by the Ft. Worth Court of Appeals in *Allen v. State*, 659 S.W.2d 925. We granted appellant's petition for discretionary review in order to examine the Court of Appeals' holdings that the evidence is sufficient to sustain the conviction, and that proof of a culpable mental state is not required under Art. 6687b, sec. 34, supra.

Art. 6687b, sec. 34, supra, provides as follows:

"Any person whose operator's, commercial operator's, or chauffeur's license or driving privilege as a nonresident has been cancelled, suspended, or revoked as provided in this Act, and who drives any motor vehicle upon the highways of this State while such license or privilege is cancelled, suspended, or revoked is guilty of a misdemeanor and upon conviction shall be punished by fine of not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500), and, in addition, there shall be imposed a sentence of imprisonment of not less than seventy-two (72) hours nor more than six (6) months."

By information the State alleged that appellant did unlawfully:

"knowingly and intentionally drive and operate a motor vehicle on a public street and highway there situated when his Texas operators license was then and there suspended, said suspension having been theretofore ordered and effected by the Texas Department of Public Safety, under the authority and provisions of Art 6687b, Sec 24(a)(2) Vernon's Annotated Texas Civil Statutes ..."

Tex.Rev.Civ.Stat.Ann. Art. 6687b, sec. 24 (Vernon 1977) provides in pertinent part:

"(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

"...

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs.

"(b) The suspension above provided shall in the first instance be for a period of twelve (12) months. In event any license shall be suspended under the provision of this Section for a subsequent time, said subsequent suspension shall be for a period of eighteen (18) months.

"(c) The suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is suspended; such extended period of suspension to be for a like period as the original suspension, and is in addition to any other penalty assessed, as provided in this Act."

The record reflects that on August 9, 1981, Officer Melton of the Dallas police department saw appellant driving on a public street and stopped appellant after seeing him drive his pickup truck off of the roadway. Appellant's breath had a strong odor of alcohol, and when Officer Melton asked appellant for his license, appellant replied that he didn't have one. After obtaining appellant's name, address, and date of birth, Officer Melton radioed the dispatcher, who informed Melton that appellant's license was under a mandatory driving while intoxicated (DWI) suspension. Melton confronted appellant with these facts and appellant admitted that his license was under suspension. Appellant was arrested for driving while license suspended (DWLS).

The State introduced two exhibits into evidence to show appellant's prior license suspensions. Neither exhibit was objected to on the basis of hearsay, although appellant now contends that State's Exhibit No. 2 is hearsay and should not be considered in determining the sufficiency of the evidence.

The State's first exhibit was a certified abstract of Texas Department of Public Safety records showing that appellant's license was automatically suspended for DWI convictions on April 22, 1976, August 28, 1978, September 7, 1979, and December 5, 1980. On each of the above dates, appellant's license was suspended for a period of eighteen months. This exhibit also showed that appellant's license was suspended for 18 months on August 28, 1978, for failure to comply with the Safety Responsibility Law and was suspended for 18 months on September 26, 1980, for a DWLS conviction. Finally the exhibit showed that appellant's license expired on January 12, 1977.

State's Exhibit 2 was a certified copy of a letter mailed to appellant notifying him of his license suspension based on the December 5, 1980 DWI conviction. The letter informed appellant that his license was suspended for 18 months from the date of conviction. A notation at the bottom of the letter stated: "Previous conviction for DWI: 10–21–75; 9–4–75; 4–22–76; 8–28–78; 9–7–79; 9–26–80." The instant controversy centers around the probative value of this notation purporting to set out prior DWI convictions, because the Court of Appeals relied upon such information in affirming appellant's conviction.

■ In order to obtain a conviction for driving while license suspended, the State is required to prove either that the accused had an unexpired license which was suspended at the time of the alleged offense, or that the accused's privilege to drive was suspended at or before the time his license expired by its own terms, and that because of an unbroken chain of successive suspensions, that privilege remained suspended from the expiration date to the time of the alleged offense. *Preble v. State*, 402

S.W.2d 902; *Cathy v. State*, 402 S.W.2d 743.

In the instant case it is undisputed that appellant's license expired by its own terms on January 12, 1977, over four years before the alleged offense occurred on August 9, 1981 and was not renewed. Thus under *Preble* and *Cathy*, supra, it was incumbent upon the State to show that appellant's license had been suspended at or before the expiration date of January 12, 1977, and that by an unbroken chain of successive suspensions, the license remained under suspension on August 9, 1981. If appellant's license suspensions lapsed at any time after the license expiration date, but before the date of the alleged offense, then under *Preble* and *Cathy* appellant could not have been convicted of DWLS since he had no license which could have been under suspension. See *Bryant v. State*, 294 S.W.2d 819.

The State's first exhibit shows on its face a gap in appellant's license suspensions between April 22, 1976, when an 18–month suspension was imposed, expiring October 22, 1977, and August 28, 1978, when the next automatic suspension began. The Court of Appeals, however, looked to the notation on the bottom of State's Exhibit 2, which purported to show two DWI convictions, dated September 4, 1975, and October 21, 1975, prior to the April 22, 1976 DWI conviction. The Court stated that suspensions under Art. 6687b, sec. 24(a)(2) are automatic upon final conviction of DWI, and that "suspensions imposed under Art. 6687b, sec. 24, run cumulatively and are thus 'stacked' from the date of the initial suspension." *Allen v. State*, supra, 659 S.W.2d at 928.

■ We reverse the judgment of the Court of Appeals. Even assuming that the notation regarding appellant's purported prior DWI convictions is not hearsay, we can find no authority for the Court of Appeals' holding that the automatic license suspensions imposed under Art. 6687b, sec. 24(a)(2) for DWI convictions run cumulatively with any prior automatic DWI conviction license suspensions.

Indeed, the language of the statute indicates just the opposite. Art. 6687b, sec. 24(c), supra, provides that upon conviction for *driving while license suspended* (DWLS), the suspension of any license is automatically extended for the same period as the original suspension, and the suspension arising from such DWLS conviction is to be cumulated with the original suspension. We must assume that, by specifically creating a cumulation provision, but by limiting suspensions to subsequent *DWLS* convictions, the legislature did not intend to cumulate suspensions arising from other convictions that give rise to a suspension under Art. 6687b, sec. 24, such as DWI convictions.

*Preble v. State,* 402 S.W.2d 902, cited by the Court of Appeals for the proposition that DWI suspensions run cumulatively, does not support that holding. In *Preble,* the Court properly noted that a subsequent *DWLS* conviction would give rise to a suspension cumulated with the original suspension, as specifically provided for by statute. *Preble* did not hold that automatic *DWI* conviction suspensions run cumulatively. See also *Texas Department of Safety v. Preble,* 398 S.W.2d 785.

■ Thus since appellant's license expired effective October 22, 1977, appellant's subsequent DWI convictions on August 28, 1978, September 7, 1979, and December 5, 1980, could not have operated as automatic license suspensions, since appellant no longer had a license to be suspended. *Bryant v. State,* supra.

Therefore, the judgment must be reversed and reformed to show an acquittal. Since we find the evidence insufficient to sustain the conviction, we need not discuss appellant's other grounds for review.