**Alvis THOMAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00096–CR.**

Court of Appeals of Texas, Dallas.

Feb. 8, 1985.

**424**

Walter W. Steele, Jr., Dallas, for appellant.

Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before SPARLING, GUILLOT and DEVANY, JJ.

GUILLOT, Justice.

Appellant was convicted in a bench trial of operating a motor vehicle while his driver's license was suspended. On appeal, appellant complains that the information was fatally defective and that the trial court erred in finding that appellant's license was suspended under the statute alleged on the date of appellant's arrest. *For the reasons set forth below, we affirm the judgment.*

In his first ground of error, appellant contends that the information was fatally defective because it alleged the wrong statute. The information alleged:

[O]n or about the 24th day of March A.D., 1982, in the County of Dallas and State of Texas, did unlawfully, knowingly and intentionally drive and operate a motor vehicle on a public street and highway there situated when his Texas operators license was then and there suspended, said suspension having been theretofore ordered and effected by the Texas Department of Public Safety, under the authority and provisions of Art 6687b,

Sec 24(a)(2) Vernon's Annotated Texas Civil Statutes.

Appellant contends that, instead, his license was suspended under TEX.REV.CIV.STAT. ANN. article 6701h, § 7(3) (Vernon 1977).

State's Exhibit Number One shows appellant's driving record. In fact, appellant's license was suspended on June 19, 1979, under article 6701h, section 7(3), and said suspension was continued on March 9, 1981, under article 6701h, sections 17(a) and 29(1). However, appellant also had three driving while intoxicated arrests yielding three automatic drivers license suspensions under TEX.REV.CIV.STAT. ANN. art. 6687b (Vernon 1977). Hence, if any of the driving while intoxicated suspensions were still in effect, then the State was not wrong in alleging article 6687b.

Thus, the real question in this case, raised in appellant's second ground of error, is whether the trial court erred in finding that appellant's license was suspended under article 6687b on the date of this alleged offense, March 24, 1982. We think not. Article 6687b, section 24(b) provides in pertinent part:

[T]he suspension ... shall in the first instance be for a period of twelve (12) months. In the event any license shall be suspended under the provision of this Section for a *subsequent time*, said *subsequent suspension* shall be for a period of eighteen (18) months.

Article 6687b, section 24(b) (emphasis added).

Appellant asserts a two part argument. First, he argues that because his three driving while intoxicated convictions were all entered, March 9, 1981, the resulting suspensions were not "subsequent." Therefore, he contends that each was for a period of twelve months, none for eighteen months, and when he was arrested on March 24, 1982, the twelve months had expired. He arrives at the first conclusion by analogizing driving while intoxicated to enhancing punishment under the Penal Code. For enhancement, the convictions must be "for an offense that occurred subsequent to the first previous conviction

having become final." TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1974 & Vernon Supp.1984).

The record, in this case, does not disclose how the convictions for the three driving while intoxicated offenses were entered, except that they were entered on the same day. It does, however, reflect that each was a separate conviction for a separate offense, and that the eighteen month suspensions were for the second and third convictions, both of which were for offenses committed subsequent to the first offense. The enhancement statute specifically provides that the second offense must have occurred after the first *conviction.* In contrast, article 6687b, section 24(b) provides for an eighteen month suspension if the license is suspended "for a subsequent time." By their plain meaning, the words "said subsequent suspension" refer to "for a subsequent time." Appellant stipulated that the second and third suspensions were for the offenses committed after the first driving while intoxicated offense. We hold that this meets the requirements of article 6687b, section 24(b).

Moreover, even if the convictions were not "subsequent" and if, therefore, there were three twelve month suspensions, appellant's position requires a second conclusion. For all three suspensions to have expired, they must have run concurrently. Appellant's driving record, certified by the Department of Public Safety, indicates that the suspensions run concurrently. Notwithstanding this recitation, the suspensions *must,* as a matter of law, run consecutively. *Texas Department of Public Safety v. Preble,* 398 S.W.2d 785 (Tex.Civ. App.—Houston 1966, no writ); *Tatum v. Texas Department of Public Safety,* 241 S.W.2d 167 (Tex.Civ.App.—Austin 1951, writ ref'd). Therefore, we hold that the first suspension expired on March 9, 1982, and the second suspension began on that date. On March 24, 1982, appellant's drivers license was suspended whether the second suspension was for eighteen months or for twelve months.

The judgment of the trial court is affirmed.