# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00818-CR

**Stephen Kuhns, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. 561885, HONORABLE STEVE RUSSELL, JUDGE PRESIDING

Appellant Stephen Kuhns appeals his conviction for driving while license suspended. Tex. Transp. Code Ann. § 601.371(a) (West 1999). The jury found appellant guilty. The trial court, upon a joint recommendation, assessed punishment at 180 days' confinement in the county jail and a fine of $500.

### Points of Error

Appellant advances two points of error. First, appellant claims that the trial court erred in overruling the motion for new trial based on the contention that he was denied the effective assistance of counsel. Second, appellant urges that the "trial court erred in denying appellant's plea in bar and motion to quash based on collateral estoppel." We will affirm the conviction.

## Information

Appellant was originally charged with driving while license suspended (DWLS) in Cause number 481415. This information was dismissed and the offense was charged again in Cause number 561885. This information alleged in pertinent part that appellant:

> on or about the 28th day of July 1997, did then and there operate a motor vehicle upon a public highway in Travis County, Texas, after the Defendant was issued a valid license to operate a motor vehicle upon a public highway in the State of Texas and while the license was legally suspended under Tex. Rev. Civ. State Ann. art. 6701*l*, sec. 13 now codified as Tex. Transp. Code sec. 601.332 and the Defendant knew his license was suspended.[1]

There was no motion to quash or set aside the information. Appellant has waived any right to complain on appeal as to the pleadings. Tex. Code Crim. Proc. Ann. arts. 1.14(b), 27.03(1) (West Supp. 2002 & 1989); 41 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 19.61 (2d ed. 2001).

## Facts

Appellant does not challenge the legal or factual sufficiency of the evidence to sustain the conviction. The facts will, however, place the points of error in proper perspective.

---

[1] The basis for suspension of the driver's license as alleged was for non-payment of a 1993 liability judgment arising out of an automobile accident, hence the allegation of the former statute under which the suspension was ordered in 1993 and the current statute relating to same procedure.

Section 25 of Senate Bill 971 provides:

This Act [Texas Transportation Code] is enacted under Section 43, Article III, Texas Constitution. This Act is intended as a recodification only, and no substantial change in law is intended by this act.

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 25, 1995, Tex. Gen. Laws 1025, 1871.

Austin Police Officer Robert Richman testified that on July 28, 1997, he stopped appellant in downtown Austin for a traffic violation, specifically an expired motor vehicle inspection sticker. Richman checked on his mobile data terminal for appellant's driving license's history and determined that appellant's driver's license was suspended, expired, and still suspended. Appellant showed Richman an occupational license but it reflected that this license had expired in 1994. Appellant was arrested.

The State offered certain documentary evidence in the form of certified copies from the Texas Department of Public Safety (DPS). The license's history reflected that the driver's license number 06708052 had been issued to appellant on March 13, 1969, was suspended on November 22, 1993, and had expired on January 5, 1994. A photo-copy of appellant's driver's license was introduced. It contained his photograph, the address of P.O. Box 242, Dripping Springs, Texas, and the expiration date. The State introduced a copy of a letter from the DPS to appellant at the above described address informing him that his driver's license had been suspended on November 22, 1993, the date of the letter. The letter stated that the basis of the suspension was a court judgment dated June 2, 1993, rendered against appellant for damages arising out of a motor vehicle accident in the amount of $2,584.66 which was unsatisfied. There was no evidence that appellant's driver's license had been renewed since its expiration.[2]

---

[2] Suspension orders which are entered prior to the expiration date of a defendant's driver's license effectively suspends a defendant's license or privilege to drive a motor vehicle beyond the expiration date of the license and accordingly, a conviction for DWLS on the basis of an act committed after the expiration of the license is not error. *Preble v. State*, 402 S.W.2d 902, 905 (Tex. Crim. App. 1966); *Cathy v. State*, 402 S.W.2d 743, 745 (Tex. Crim. App. 1966). In such a situation, what remains suspended is the privilege of driving, not merely the driver's license issued. *Preble*, 402 S.W.2d at 905; *Smith v. State*, 895 S.W.2d 449, 452 (Tex. App.—Dallas 1995, pet. ref'd). When the suspension occurs after the expiration of the license, a different rule applies. *Bryant v. State*, 294 S.W.2d 819, 819 (Tex. Crim. App. 1956).

Appellant testified that he received mail at P.O. Box 242, Dripping Springs, "[i]nto '93, at some point, I believe." He also related that in 1993 he was living in Austin: "I believe on Duval Street." There was no evidence offered that he gave the DPS a notice of change of address.

Appellant stated that in 1993 he was involved in a car accident and was sued for damages. He filed an answer to the lawsuit but was not present when a default judgment was taken against him. Appellant acknowledged that seven years later the judgment had not been paid. He related that he never received the mailed letter or order of suspension dated November 22, 1993, at any time since that date. Further, he had never received a hand-delivered copy of the letter or notice from an employee of the DPS. Appellant testified that he did not see the letter of suspension dated November 22, 1993, until sometime in August 1999.

Defense exhibits 2 and 3 were introduced into evidence. These exhibits included the complaints, informations, and the motions and orders of dismissal in Cause numbers 456,269 and 456,101 in County Court at Law No. 3 of Travis County. In both causes, appellant was charged with DWLS on or about January 16, 1996 and on or about April 12, 1996, respectively. One of the two reasons given in each case for dismissal was, "Defective service of notice of suspension."

Appellant testified that he had been arrested for DWLS seven times since May 28, 1993; that there had been four cases of DWLS filed against him, all of which had been dismissed prior to his arrest in the instant case (July 28, 1997); and that he had been told and believed that there had been an illegal suspension of his driver's license. Appellant did not consider his arrests as notice of the 1993 suspension but rather a computer error at the DPS.

On cross-examination, when asked for the expiration date of his driver's license, appellant noted that he had an occupational license. The State then introduced its State's exhibit

4

number 11, an occupational license without a photograph. It was shown to have been issued to Stephen Kuhns on May 28, 1993, with an expiration date of April 1, 1994, over three years before the instant offense. This occupational license bore the same number as appellant's driver's license and reflected appellant's address as 4002 Duval Street in Austin.

Appellant testified that it was his understanding that the amended court order granting the occupational license would remain valid until a new regular license was issued without a time limit being imposed. Appellant acknowledged, however, that he knew an occupational license could not legally be issued for a longer period than one year. Appellant admitted that he had never tried to renew his expired driver's license or obtain a new one. The defense then introduced its exhibit number 5 showing a Travis County district court order of August 9, 1993, granting an *amended* occupational license. The order allowed appellant to operate a motor vehicle until April 1, 1994, "or until a regular commercial operator's license is issued to Stephen Kuhns."

In rebuttal, the State called attorney Drew Phipps, who had represented appellant in Cause numbers 456,269 and 456,101 in County Court at Law No. 3 of Travis County which had been dismissed on June 10, 1996. Phipps acknowledged that he had written "[d]efective service of notice of suspension" on each motion to dismiss as one of the two reasons for dismissal and that each motion was later signed by the prosecutor and the trial judge. Phipps admitted that at the time he had a copy of the order of suspension dated November 22, 1993, and that he had discussed the cases with appellant at length. He did not recall showing the order of suspension to appellant. Phipps believed the notice of suspension was defective because it had been mailed to appellant's former address and that appellant never received it.

5

The trial court submitted the cause to the jury in accordance with the information set out above. In addition, the court instructed the jury as follows:

**IV.**

In order to warrant a conviction of the defendant, you must find beyond a reasonable doubt, first that he had been issued a driver's license; second, that while such license was still valid and unexpired, it was suspended; third, that while such license was suspended, defendant operated a motor vehicle upon a highway in Travis County, Texas; and fourth, the defendant knew his license was suspended.

**V.**

You are instructed that any person whose license was suspended shall be presumed to have received actual notice of said suspension upon the expiration of nine days after written notice from the Department of Public Safety is deposited in an envelope with the postage prepaid, addressed to such person at the last address supplied to the department by the licensee. Such presumption is rebuttable.

The court's charge also instructed the jury that even if the presumption was established beyond a reasonable doubt, the jury was not bound by the presumption. The trial court further submitted the defense of mistake of law. Tex. Pen. Code Ann. § 8.03 (West 1994).

**Motion for New Trial**

Appellant casts his initial contention as trial court's error—that the court abused its discretion in overruling the amended motion for new trial based on the ground that appellant was denied the effective assistance of counsel. Appellant utilized the motion for new trial procedure to develop facts not otherwise shown by the record[3] to establish the circumstances surrounding his trial counsel's failure to introduce at trial a copy of an envelope obtained from the DPS. This envelope,

---

[3] Tex. R. App. P. 21.2; *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993).

6

a part of appellant's driver's license record, bore the postmark of November 22, 1993. It was addressed to appellant at his post office box number in Dripping Springs, and contained the postal notation "[F]orwarding address expired—return to sender." Although there are no facts so showing, appellant contends that this was obviously the envelope the DPS used to send to appellant the order suspending his driver's license dated November 22, 1993. Appellant contends that the envelope, if introduced, would have supported appellant's testimony that he never received the order of suspension by mail and that it would have rebutted the statutory notice presumption concerning the mailing of the suspension order upon which the trial court charged the jury. Appellant urges that the failure to introduce the envelope was ineffective assistance of counsel, and that counsel's omission having been established, the trial court abused its discretion in overruling the motion for new trial. We shall first examine the standard of review for an ineffective assistance of counsel claim and then the hearing on the motion for new trial.

### Standard of Review

A defendant is constitutionally entitled to reasonably effective assistance of counsel. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). However, a defendant is not entitled to errorless counsel or counsel whose competency is judged by hindsight. *Id.* The fact that another attorney might have pursued a different course of action at trial will not support a finding of ineffectiveness. *Banks v. State*, 819 S.W.2d 676, 681 (Tex. App.—San Antonio 1991, pet. ref'd). The United States Supreme Court has promulgated a two-pronged test to determine whether representation was so inadequate that it violated a defendant's right to counsel under the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U. S. 668, 687 (1984).

The *Strickland* analysis has been adopted in Texas and applies to constitutional claims under article one, section 10 of the Texas Constitution. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). First, under the *Strickland* test, trial counsel's performance must fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. This deficiency must be of the extent that counsel failed to function as counsel. *Yates v. State*, 917 S.W.2d 915, 920 (Tex. App.—Corpus Christi 1996, pet. ref'd). Second, the deficient performance must have prejudiced the defense by "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 689. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700.

The burden of proving ineffective assistance of counsel is on the defendant by a preponderance of the evidence. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. *Ex parte Scott*, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979). A reviewing court looks to the totality of the representation and the particular circumstances of each case. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). The defendant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To defeat this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Moreover, the defendant must overcome the presumption that the challenged conduct cannot be considered sound trial strategy. *Jackson*, 877 S.W.2d at 771; *see also Tong v. State*, 25 S.W.3d 707, 712 (Tex.

Crim. App. 2000); *Chambers v. State*, 903 S.W.2d 21, 33 (Tex. Crim. App. 1995). Any error in trial strategy will be deemed inadequate representation only if counsel's actions are without a plausible basis. *See Anderson v. State*, 871 S.W.2d 900, 904 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

### The Hearing

At the new trial hearing, appellant's trial counsel, who had been replaced, testified that he had been practicing law for over thirty years and had specialized in criminal law for the last ten years. He had been appointed to represent appellant in two DWLS cases in Hays County as well as the instant case. Counsel related that he had done independent research in the law, had obtained various documents from the prosecutors in Hays and Travis Counties, had sought to resolve the liability judgment underlying the suspension of appellant's driver's license, and had made a recommendation to appellant in this regard.

Counsel obtained a subpoena duces tecum for appellant's driving record from the DPS. As a result thereof, an agreement with DPS counsel was reached. The custodian of the records would not have to appear if appellant's counsel was furnished with the record requested. The certified driving record or packet was received three days before trial.

At trial, counsel had the entire packet marked for identification as defense exhibit number 4. He redacted therefrom the suspension order of November 22, 1993, and the next item in the packet—the envelope in question addressed to appellant at the Dripping Springs address. The detached exhibits were marked as defense exhibits 4a and 4b. When offered, the prosecutor objected because of the lack of independent certification apart from the packet. Appellant's trial counsel testified that he did not pursue the matter to prevent the possibility that extraneous matters in the

9

packet would be revealed to the jury. Appellant had relied upon the validity of his occupational license to show that his privilege to drive still existed. If introduced, the packet would reveal that the occupational license had been obtained after a driving while intoxicated conviction.[4] The packet further reflected another DWI conviction, suspensions, habitual traffic offender charges, and other violations of the law which counsel concluded would be highly prejudicial to appellant if introduced into evidence. Counsel acknowledged that it was a matter of trial strategy that he did not continue to seek the introduction of the envelope.[5] Counsel testified that it was his strategy to avoid the introduction of extraneous offenses; that he introduced evidence of the dismissal of cases only to support his theories of collateral estoppel and mistake of law; and because of appellant's testimony about his addresses in a prior Hays County case, counsel was concerned about perjury charges arising out of the instant case.

It is clear from trial counsel's explanations that there was a plausible basis for his trial strategy in not seeking to pursue the introduction of the envelope in question. A claim of ineffective assistance for failure to request a valid jury instruction on the law was rejected where trial counsel apparently made the strategic choice that it was better to avoid a suggestion to the jury that the defendant had been previously convicted of a felony. *Murray v. State*, 24 S.W.3d 881, 891 (Tex.

---

[4] When the State introduced the occupational license into evidence as State's exhibit number 11, the trial court was informed the license was obtained after a DWI conviction. The trial court suggested: "Let's try to tippy toe around it." Counsel followed the suggestion and the conviction was not made known to the jury.

[5] Counsel recognized that he could have asked for a recess and obtained the appearance of the custodian of the records. He was still fearful that extraneous matters would find their way into evidence.

App.—Waco 2000, pet. ref'd); *see also Delrio v. State*, 840 S.W.2d 443, 446-47 (Tex. Crim. App. 1992) (holding counsel was not ineffective simply because his trial strategy did not produce the desired result). While a single egregious error may be sufficient, reviewing courts are hesitant to declare counsel ineffective based on a single alleged miscalculation. *Thompson*, 9 S.W.3d at 814.

Actually, the introduction of the envelope in question would have availed appellant little. The State, in its quest to show appellant knew his driver's license was suspended as alleged, offered the letter of suspension dated November 22, 1993, addressed to appellant at P.O. Box 242, Dripping Springs along with a certificate of mailing. This invoked the presumption of notice received under the law applicable in 1993. Act of June 18, 1965, 59th Leg, R.S., ch. 703, 1965 Tex. Gen. Laws 1636 (Tex. Rev. Civ. Stat. art. 6701*l*, § 31) since repealed by Act of May 23, 1995, 74th Leg., R.S., ch. 165, 1995 Tex. Gen Laws 1728, amended by Act of May 26, 1999, 76th, Leg., R.S., ch. 884, § 3, 1999 Tex. Gen. Laws 3580 (Tex. Transp. Code Ann. § 601.372(b)) (West Supp. 2002).[6]

Article 6701l, section 31 in effect in 1993 provided in pertinent part:

> Any person whose license or registration shall have been suspended as herein provided, or whose policy of insurance or bond, when required under this Act, shall have been cancelled or terminated or who shall neglect to furnish other proof upon request of the Department, shall return his license and registration to the Department within ten (10) days after receiving notice from the Department in writing, either by personal delivery thereof to the person to be so notified or by deposit in the United

---

[6] Subsection (c) of section 601.371 of the Texas Transportation Code also provides in pertinent part:

> For the purposes of this subsection, notice is presumed to be received if the notice was mailed in accordance with this Chapter to the last known address of the person as shown by department records.

Tex. Transp. Code Ann. § 601.371(c) (West 1999).

States mail of such notice in an envelope with postage prepaid, *addressed to such person at the last address supplied to the Department by the licensee, which notice shall be presumed to be complete upon the expiration of nine (9) days after such is deposited in the United States mail.*

(Emphasis added).

Appellant testified that he was still validly driving at the time of his arrest in the instant case (July 28, 1997) by virtue of an occupational license and a court order. The State then contradicted the presumption of notice it had earlier established. It introduced appellant's occupational license issued May 29, 1993 and which expired April 1, 1994. What the State may have overlooked is the fact that this license bore the same number as the driver's license number and gave appellant's address as 4002 Duval, Austin, an address different than the one on the driver's license. Thus, the DPS was on notice that in securing the occupational license appellant had given a different address to the DPS prior to November 22, 1993.

If trial counsel had been successful in getting the envelope in question into evidence it would have been relatively immaterial in light of the circumstances developed. For strategic reasons, counsel chose to forego its introduction. Appellant has not overcome the strong presumption that counsel's actions might have been sound trial strategy. *See Holland v. State*, 761 S.W.2d 307, 320 (Tex. Crim. App. 1988). Appellant did not meet the two-pronged test of *Strickland*. In answer to appellant's specific contention, the trial court did not abuse its discretion in overruling the motion for new trial. The first point of error is overruled.

## Collateral Estoppel

In his second contention, appellant contends that the trial court erred in denying his plea in bar and motion to quash the information based on collateral estoppel. Appellant states that two previous cases or informations charging him with DWLS in Cause numbers 456,269 and 456,101 in County Court at Law No. 3 of Travis County were dismissed on June 10, 1996; that these dismissals were based in part on defective notice of suspension; and that the instant case should never have been tried in view of the doctrine of collateral estoppel.

> "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

*Ashe v. Swenson*, 397 U.S. 436, 445 (1970); *see also Headrick v. State*, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999). *Ashe* holds that the rule of collateral estoppel is "embodied in the Fifth Amendment's guarantee against double jeopardy." 397 U.S at 445. It may bar a later prosecution for a separate offense where the government has lost an earlier prosecution involving the same facts. *United States v. Dixon*, 509 U.S. 688, 705 (1993).

*Ashe* mandates only two inquires in a criminal collateral estoppel claim. First, what facts were necessarily determined in the first lawsuit? Second, has the government in the subsequent trial tried to relitigate facts necessarily established against it in the first trial? *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex. Crim. App. 1981). Further, elements that must be established by a party seeking to assert a collateral estoppel bar to prosecution are: there must have been a full and fair hearing in the first lawsuit at which the parties had an opportunity to thoroughly litigate the relevant

13

fact issue; the fact issue must be the same in both proceedings; and the fact finder acted in a judicial capacity. *State v. Aguilar*, 947 S.W.2d 257, 259-60 (Tex. Crim. App. 1997).

The dismissals which appellant claimed invoked collateral estoppel were attempts to comply with the statutory dismissal procedure. Article 32.02 provides:

> The attorney representing the State may, by permission of the Court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge.

Tex. Code Crim. Proc. Ann. art. 32.02 (West 1989).

Evidence which appellant claims supports the plea in bar is trial evidence, not pretrial hearing evidence. Appellant's trial exhibits numbers 2 and 3 were the informations, motions to dismiss, and accompanying orders in said cause numbers 456,269 and 456,101 in the County Court at Law No. 3 of Travis County each styled *State of Texas v. Stephen Kuhns*. The informations charged appellant with the offenses of DWLS occurring on January 6, 1996 and April 12, 1996. In the State's motion to dismiss in cause number 456,269, one of the reasons listed was that appellant had been convicted of "speeding." In cause number 456,101, one of the dismissal reasons was that appellant had been convicted of the offense of "no insurance." In each dismissal motion, a second reason was given, "[D]efective service of notice of suspension."

As noted earlier, attorney Phipps, who represented appellant in the two causes, entered the second reason in his own handwriting on the State's motion before it was signed by either the prosecutor on the trial court. He had reached a plea bargain in each case with the State in which

appellant pleaded guilty to certain traffic offenses and the State agreed to dismiss the two DWLS cases.

There is nothing in the record to show that any evidence was offered in these two cases or that any ultimate issue of fact was determined as required by *Ashe*, 397 U.S. at 445. No punishment was assessed in these earlier cases and no jeopardy attached.

We conclude that the dismissal did not litigate any ultimate issue of fact, and that the trial court did not err in overruling the plea in bar or motion in quash.[7] The second point of error is overruled.

The judgment is affirmed.

 

John F. Onion, Jr., Justice

Before Justices Kidd, Puryear and Onion[*]

Affirmed

Filed:   March 28, 2002

Do Not Publish

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

---

[7] Appellant's second contention arose in a rather unusual manner. The trial judge, a visiting judge, noting the waiting jury panel, the length of the pendency of the case, and the earlier possible oral rulings by another judge not of record, summarily overruled the plea in bar. Counsel was told to raise collateral estoppel on the motion for new trial in the event of a conviction. Based on trial testimony, post-trial defense counsel did just that. After the motion for new trial was overruled following a hearing, the trial court, at the request of defense counsel, found the written pretrial plea in bar in the record and overruled it as of that date.