The STATE of Texas, Appellant,

v.

Andrew P. HART, D/B/A Hart Creosoting Company, Appellee.

No. 09–87–188 CV.

Court of Appeals of Texas, Beaumont.

May 26, 1988.

Rehearing Denied June 29, 1988.

Nancy E. Olinger and David J. Preister, Asst. Attys. Gen., Environmental Protection Div., Austin, for appellant.

Jim Mathews, Lloyd, Gosselink, Ryan & Fowler, Austin, for appellee.

## OPINION

DIES, Chief Justice.

In November, 1985, the State of Texas sued Andrew Paul Hart, d/b/a Hart Creosoting Company, alleging, inter alia, that "Hart processes its wood preserving waste water [creosote] by retaining it in four surface impoundments"; that "[t]hese ponds have accumulated sludges containing creosote which are listed by the EPA as hazardous. These ponds have overflowed frequently in the past, resulting in discharge into a tributary of Walnut Run Creek." The State alleged that Hart had violated the Texas Solid Waste Disposal Act, *TEX.REV.CIV.STAT.ANN.* *art. 4477-7* (Vernon 1976 and Supp.1987), in several respects, and prayed for, inter alia, injunctive relief, civil penalties, and attorney's fees.

Hart's answer contained many exceptions to the State's pleading, many of which were sustained by the trial court which ordered the State to "amend its pleading in conformity with this order by May 14, 1987." The State did amend its pleading but not to the trial court's satisfaction. On July 24, 1987, the trial court dismissed the State's case with prejudice, and later awarded Hart a substantial sum of money on his motion of frivolous claim.

The State has perfected appeal to this court on a single point of error, viz., "The trial court erred in dismissing the State's lawsuit." The order of dismissal does not state the court's reasons for dismissing the case, so we will address Hart's arguments for such action.

 In alleging that Hart violated certain hazardous waste regulations, the State failed to negate the exceptions to those regulations. This court has already addressed this contention in *Williams v. State*, 514 S.W.2d 772 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.). While the Act under consideration there was the Water Well Drillers Act (Tex.Rev.Civ.Stat. Ann. art. 7621e), the principle is the same. We said there:

"We hold that Section 11 of this Act is in the nature of an affirmative defense, and the burden was upon defendant both to allege and prove the essential facts in order to take advantage of such defense. ... An uninterrupted line of cases hold the burden of proof is also upon a defendant to establish a statutory exclusion of liability."

514 S.W.2d at 777 (citations omitted). *Accord, Cantu Trucking & Materials Co., Inc. v. State*, 735 S.W.2d 642 (Tex.App.—Austin 1987, writ denied). *TEX.R.CIV.P. 94.* Furthermore, a civil action for civil penalties under the Act involved is not penal and does not invoke the pleading requirement of the Penal Code. *Williams v. State, supra. See also, Ex parte Butler*, 522 S.W.2d 196, 198 (Tex.1975).

Hart argued that the State's pleadings under 31 TEX.ADMIN.CODE sec. 335.6 (Notification Requirements), 31 TEX. ADMIN.CODE sec. 335.134 (Testing and Maintenance of Equipment), and 31 TEX. ADMIN.CODE sec. 335.137 (Arrangements with Local Authorities—"which imposes a duty to notify emergency response authorities of activities at the hazardous waste facility") did not impose a *continuous* duty on him. For example, with regard to 31 TEX.ADMIN.CODE sec. 335.6, he contends that since he need only notify the Texas Water Commission once of his hazardous waste activities, he can only violate the notification regulation once. We reject this contention. *State v. City of Greenville*, 726 S.W.2d 162, 167 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

As earlier noted in this opinion, the court's order requiring the State to replead required the amended pleading to be filed on May 14, 1987. It was actually filed on May 18, 1987. The State's original petition was quite explicit and gave Hart notice of the State's contentions. Nevertheless, if we assume arguendo that sanctions were in order for the four-day delay, we find a dismissal was an abuse of discretion. Hart makes no contention he was in any way harmed by the delay. His attorney received the amendment (according to the State's brief) on the appointed day, which is not challenged. The order dismissing the case is reversed, and the case is remanded for trial. Since we reverse the order of dismissal, the trial court's order holding the State's claim to be frivolous is also reversed because the action was erroneously dismissed and no judgment has been awarded to any party. *TEX.CIV.PRAC. & REM.CODE ANN. sec. 105.002* (Vernon 1986).

Reversed and Remanded.