# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00188-CR

**Patricia E. Nations, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW OF McCULLOCH COUNTY, NO. 9481, HONORABLE RANDY YOUNG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Patricia E. Nations appeals her conviction for "driving while license suspended." *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1207, § 6, 1999 Tex. Gen. Laws 4201 (current version at Tex. Transp. Code Ann. § 521.457(a)(2) (West Supp. 2005)).[1] Appellant complains in four issues that the judgment of conviction should be reversed based on a fatal variance

---

[1] In this opinion, all references to section 521.457 will be to the 1999 version, which was in effect at the time of appellant's offense. For all other sections of the transportation code, we cite to the current versions because no substantive amendments have been made since the time of appellant's offense.

between the pleadings and the proof, insufficient evidence, the trial court's error in refusing to grant her an instructed verdict, and the fact that the information charged an offense that does not exist under Texas law. Her claims are based on two arguments: (1) that there is a material difference in the terms used in the information ("operator's license") versus the transportation code ("driver's license"), and (2) that she should have been charged with violating the provisions of her restricted occupational license, rather than driving with a suspended license. We will affirm.

### BACKGROUND

Both the information and the complaint alleged that appellant "intentionally or knowingly operate[d] a motor vehicle upon a highway during a period that a suspension of the Texas operator's license of the defendant was in effect under the Transportation Code." In relevant part, section 521.457(a) provides that "a person commits an offense if the person operates a motor vehicle on a highway . . . (2) during a period that the person's driver's license or privilege is suspended or revoked." Tex. Transp. Code Ann. § 521.457(a)(2) (West 1999).

At the jury trial, the State's only witness, Deputy James Michael Hall, testified that upon observing appellant speeding and failing to use her left turn signal, he initiated a traffic stop. Hall "ran a check" on appellant's driver's license and found that it was suspended. He then arrested appellant. Hall testified that appellant provided him a court order demonstrating that, although her driver's license was suspended, she had a restricted occupational license that allowed her to drive for a maximum of five hours per day within Williamson and Travis Counties, as long as she

2

maintained a driving log.[2] Hall stopped appellant in McCulloch County around midnight and was unable to locate a driving log in her vehicle.

At the conclusion of Hall's testimony, appellant moved for an instructed verdict of acquittal on the grounds that (1) she was charged with driving while her "operator's license" was suspended, but the transportation code defines the offense in terms of a suspended "driver's license," and (2) if any offense was established by the State's evidence, it was appellant's violation of the terms of her occupational license, not driving while her license was suspended.[3] The trial court denied appellant's motion for instructed verdict, specifically ruling that "an operator's license . . . is a driver's license under the Transportation Code." The court further instructed the parties that the occupational license issue could be argued as a defense, but that it did not, as a matter of law, negate the charge of "driving while license suspended." Appellant then rested without presenting any evidence.

The jury entered a verdict that appellant was "guilty of the offense of driving while operator's license suspended" and recommended that appellant be punished by a fine of $500.00 and 180 days' confinement in jail, with one dollar and one day of that sentence probated for a period of twenty-four months. The trial court entered a judgment in accordance with the jury's recommendation. Following an unsuccessful motion for new trial, appellant filed this appeal.

_____

[2] This document was entered into evidence. It reflects that appellant had petitioned the court for this restricted license because her regular license had been suspended due to an "excessive number of speeding tickets," but she had an "essential need" to operate a motor vehicle for transportation to and from work and for household purposes. *See* Tex. Transp. Code Ann. § 521.242 (West Supp. 2005). Appellant's driving record was also admitted into evidence, showing that at the time Hall stopped her, she had nine prior traffic violations in a twenty-month period.

[3] Appellant asserted a third ground in support of the motion, but does not raise it on appeal.

## ANALYSIS

In her first argument, appellant urges that there is a material distinction between the terms "operator's license" and "driver's license." Appellant claims that her conviction for driving with a suspended operator's license should be reversed because there is no evidence that she had a suspended "operator's license"—there is evidence only that she had a suspended "driver's license"—and the Texas Transportation Code defines the offense only in terms of the latter. Appellant relies on this argument to support each of her four issues: that (1) the pleadings and proof were fatally varied, (2) the evidence was insufficient, (3) her motion for instructed verdict was improperly denied, and (4) the information charged an offense that does not exist under Texas law.

Appellant cites only one case to support her argument, *Campbell v. State*, 274 S.W.2d 401 (Tex. Crim. App. 1955). The *Campbell* court held that, pursuant to the statute as it existed in 1955, which defined the offense in terms of an "operator's license," proof that Campbell drove without a "driver's license" was "insufficient to sustain the allegations of the offense charged in the information because a driver's license is not an operator's license" and "there is no such license as a driver's license known to our law." *Id*. at 401-02.

*Campbell* does not support appellant's argument, however, because since that time it has been recognized that the terms "operator's license" and "driver's license" are equivalent in the context of having a valid license to operate a motor vehicle. *See Gee v. State*, 626 S.W.2d 603, 604 (Tex. App.—Texarkana 1981, pet. ref'd) (fact that Department referred to license both as "operator's" and "driver's" license created no fatal variance in pleading and proof of driving while license suspended); *see also Jones v. State*, 77 S.W.3d 819, 822 n.6 (Tex. Crim. App. 2002) (using

4

terms "operator's license" and "driver's license" interchangeably in context of driving while license suspended); *Smith v. State*, 895 S.W.2d 449, 452-54 (Tex. App.—Dallas 1995, pet. ref'd) (information charging appellant with driving while "operator's license" suspended "sufficiently tracked" statutory language, which used term "driver's license"; evidence of driving without "driver's license" was sufficient to convict appellant as charged); *Kok Liev v. State*, 2001 Tex. App. LEXIS 5713, at *1-4 (Tex. App.—Dallas Aug. 22, 2001, no pet.) (not designated for publication) (using terms interchangeably and noting that omission of essential element from information or indictment will not render it fatally deficient).

Furthermore, the transportation code demonstrates the equivalency of the two terms. "Driver's license" is defined as the "authorization . . . for the operation of a motor vehicle." Tex. Transp. Code Ann. § 521.001(a)(3) (West Supp. 2005). Also, "license" is broadly defined as "an authorization to operate a motor vehicle," which "includes: (A) a driver's license." *Id*. § 521.001(a)(6). Finally, "*operator*" is defined as "a person who *drives* . . . a vehicle." *Id*. § 541.001(1) (West 1999) (emphasis added); *see also id*. § 521.001(b). Thus, while *Campbell* once supported appellant's argument, under the current statutes and court opinions it is no longer good law for the theory asserted. *See* 274 S.W.2d at 401.

Here, the offense charged—driving while operator's license suspended—is "known to our law," even if the statute uses the term "driver's license." *See* 274 S.W.2d at 401-02. The language used in the information—that appellant "operate[d] a motor vehicle upon a highway during a period that a suspension of the Texas operator's license of the defendant was in effect under the Transportation Code"—sufficiently tracked the statutory language—that "a person commits an

5

offense if the person operates a motor vehicle on a highway . . . during a period that the person's driver's license or privilege is suspended or revoked." *See* Tex. Transp. Code Ann. § 521.457(a)(2). And, the undisputed evidence that appellant was operating a motor vehicle while her driver's license was suspended was adequate to establish the offense of "driving while license suspended," whether referred to as an "operator's" or "driver's" license.

Hence, with regard to appellant's first argument, there was no fatal variance in the pleadings and proof, the evidence was sufficient to support the conviction, the trial court did not err in denying appellant's motion for instructed verdict on this ground, and the information charged appellant with an offense recognized by Texas law.

In appellant's second argument, she claims that her conviction should be reversed because she was improperly charged and convicted for "driving while license suspended" under section 521.457, rather than "driving in violation of an occupational license" under section 521.253. *See id.*; *see also id*. § 521.253 (West 1999) ("person who holds an occupational license commits an offense if the person: (1) operates a motor vehicle in violation of a restriction imposed on the license"). Appellant asserts that, if any violation was established by the State's evidence, it was the latter, for which she was not charged. Under this theory, appellant again urges that there was a fatal variance between the pleadings and proof, that the evidence was insufficient, and that the trial court erred by not granting her instructed verdict on this ground. We disagree.

First, the State established that appellant violated section 521.457, which states that "a person commits an offense if the person operates a motor vehicle on a highway . . . during a period that the person's driver's license or privilege is suspended or revoked." *See id.*

§ 521.457(a)(2). Deputy Hall testified that he witnessed appellant driving on the highway and, upon stopping her and running her license, discovered that her license was suspended. Appellant admits to this violation.

Appellant, however, claims that she cannot be convicted for this violation because, although she was driving while her license was suspended, she had a restricted occupational license that allowed her to drive in certain circumstances. *See id*. §§ 521.249-.250 (West 1999). As the trial court recognized, this was in the nature of an affirmative defense, which must be pleaded and proved to avoid conviction on the charged offense. *See generally State v. Hart*, 753 S.W.2d 213, 214 (Tex. App.—Beaumont 1988, no pet.). Appellant admits that she was not operating the vehicle in compliance with the provisions of this restricted license. Thus, appellant has failed to satisfy her burden of proof to establish this affirmative defense.

Moreover, it was not improper for the State to charge appellant with a violation of section 521.457 (driving with suspended license) rather than section 521.253 (occupational license violation) because appellant's occupational license was not effective in McCulloch County—on its face, the occupational license served as a valid license only in Williamson and Travis counties. Thus, the only authority appellant had to operate a motor vehicle in McCulloch County was granted by her driver's license, which was suspended, and that is the violation for which appellant was charged and convicted.

This conclusion is consistent with that of our sister court in *Herald v. State*, 67 S.W.3d 292 (Tex. App.—Amarillo 2001, no pet.). In *Herald*, the appellant claimed that, although "the State may have proved he was driving outside the restrictions of his occupational license, [there

was] no evidence [that] supported the finding which was charged: driving while his license was suspended." *Id*. at 292. The *Herald* court held that there was no error, stating that, "[b]ecause the State could have charged appellant with operating a vehicle outside the times allowed by his occupational license [] does not mean that appellant could not also have been charged with operating a vehicle during a period of time when his regular license was suspended and during which he was not within the restrictions on his occupational license." *Id*. at 294.

## CONCLUSION

Having found both of appellant's arguments unpersuasive, we overrule each of her four issues and affirm the judgment of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: June 23, 2006

Do Not Publish