Demorise SMITH, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–93–00853–CR.

Court of Appeals of Texas, Dallas.

Feb. 23, 1995.

Discretionary Review Refused June 21, 1995.

---

**450**

Kerry P. Fitzgerald, Dallas, for appellant.

Daniel D. Guess, Asst. Dist. Atty., Dallas, for appellee.

Before OVARD, BARBER and DEVANY, JJ.

## OPINION

BARBER, Justice.

Demorise Smith, Jr. was convicted of driving while license suspended following a trial before the court. The trial court assessed punishment at thirty days' confinement, probated for twelve months and a $100 fine. On appeal, appellant asserts: (1) the evidence is insufficient to support the conviction; (2) the trial court erred in failing to quash the criminal information; and (3) the trial court erred in admitting hearsay portions of State's Exhibit two. We affirm the trial court's judgment.

### FACTS

On August 20, 1992, at about 7:30 a.m., Dallas police officer Ruden Medina stopped appellant for driving 47 m.p.h. in a 30 m.p.h. zone. Appellant gave Medina a Texas driver's license that had a 1985 expiration date. Medina ran a computer check on appellant's license and learned the license had been suspended indefinitely for "safety responsibility." Medina arrested appellant for driving while license suspended.

Yolanda Martinez testified that she is the Dallas County deputy custodian of records for the Texas Department of Public Safety (DPS). Her duties consist of giving driving tests and testifying at driver's license hearings. Martinez testified that State's Exhibit one contained a picture of appellant's driver's license, the driver's license application, and data card. State's Exhibit one also contains appellant's name, driver's license number, and picture. Martinez testified that State's Exhibit two contained appellant's driving history, address, driver's license number, and an order of suspension. The order of suspension shows appellant's license was suspended on May 27, 1983. A summary of the information contained within appellant's driving record shows the 1983 suspension was pursuant to article 6701h, sections 13(a) and 14(a) of the Texas Revised Civil Statutes Annotated.

### SUFFICIENCY OF THE EVIDENCE

In his first point of error, appellant contends the evidence is insufficient to support

his conviction. First, appellant claims the evidence did not show he had been issued a Texas driver's license which was the subject of the charge. Second, appellant asserts the evidence did not show the 1983 suspension was still in effect in 1992.

## A. Standard of Review

■ The standard of review for sufficiency of the evidence in a criminal case is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). The standard is the same whether we are reviewing the sufficiency of circumstantial or direct evidence. *See Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). Every fact need not point directly and independently to the defendant's guilt. *Vanderbilt v. State*, 629 S.W.2d 709, 716 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982). A conclusion of guilt can rest on the combined and cumulative force of all incriminating circumstances. *Id.; Arevalo v. State*, 835 S.W.2d 701, 703 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

■ In a bench trial, the judge is the exclusive trier of facts, the credibility of the witnesses, and the weight to be given their testimony. *Flanagan v. State*, 675 S.W.2d 734, 746 (Tex.Crim.App.1984) (op. on reh'g). As such, it is free to accept or reject the testimony of any witness. *See id.* The fact finder may draw reasonable inferences and make reasonable deductions from the evidence. *Benavides v. State*, 763 S.W.2d 587, 588–89 (Tex.App.—Corpus Christi 1988, pet. ref'd).

## B. Applicable Law

■ A person commits an offense if he operates a motor vehicle on a highway: (1) during a period that a suspension or revocation of the person's driver's license or privilege is in effect; or (2) while the person's driver's license is expired, if the license ex-

pired during a period of suspension. *See* Tex.Rev.Civ.Stat.Ann. art. 6701h, § 32(c)(1)(A)(B) (Vernon Supp.1995). An individual's license shall be suspended for failure to satisfy a judgment within sixty days of the judgment. *See* Tex.Rev.Civ.Stat.Ann. art. 6701h, §§ 12(a), 13(a) (Vernon 1977). The license shall remain suspended and shall not be renewed, nor shall any such license be thereafter issued in the individual's name, unless and until every such judgment is stayed or satisfied to the extent required and the individual gives proof of financial responsibility. *See* Tex.Rev.Civ.Stat.Ann. art. 6701h, § 14(a) (Vernon Supp.1995); *see also Preble v. State*, 402 S.W.2d 902, 905 (Tex. Crim.App.1966) (suspension imposed before expiration of license remains in effect after expiration of license). To obtain a conviction for driving while license suspended, the State must show either that the accused had an unexpired license which was suspended at the time of the alleged offense or that the accused's privilege to drive was suspended at or before the time his license expired by its own terms, and that the privilege remained suspended from the expiration date to the time of the alleged offense. *See Allen v. State*, 681 S.W.2d 38, 40 (Tex.Crim.App. 1984).

## C. Application of Facts to Law

■ Appellant complains the evidence does not show appellant had a driver's license on August 20, 1992, because the evidence shows his license expired in 1985. He also claims the evidence does not show the suspension was still in effect on August 20, 1992. He bases his claim upon the fact he received citations for no proof of financial responsibility in 1984 and 1985.

The trial court had before it evidence that appellant's driver's license was indefinitely suspended in 1983 for failure to satisfy a judgment. The evidence also showed that appellant's driver's license expired in 1985. The suspension imposed prior to the expiration of appellant's license remained effective even after the expiration. *See* Tex.Rev.Civ. Stat.Ann. art. 6701h, § 14(a) (Vernon Supp. 1995); *see also Preble*, 402 S.W.2d at 905. Further, nothing showed the suspension was

lifted prior to August 20, 1992. *See Allen,* 681 S.W.2d at 40. The fact that appellant received two traffic citations during the intervening period between 1983 and 1992 that did not mention the license suspension does not establish the suspension was no longer in effect on August 20, 1992.

■ It was for the trial court, as the trier of fact, to resolve any conflict in the evidence. *See Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). Viewing the evidence in the light most favorable to the trial court's judgment, we conclude a rational trier of fact could have found appellant guilty beyond a reasonable doubt of driving while his license was suspended. We overrule appellant's first point of error.

## FAILURE TO QUASH CRIMINAL INFORMATION

In his second point of error, appellant complains the trial court erred in denying his motion to quash the criminal information. Appellant contends the indictment did not give him adequate notice of the specific judgment under which his license had been suspended.

### A. Applicable Law

■ An accused in a criminal case is guaranteed the right to demand the nature and cause of action against him. *DeVaughn v. State,* 749 S.W.2d 62, 67 (Tex.Crim.App. 1988). The charging instrument itself must convey adequate notice from which the accused may prepare his defense. *State v. Carter,* 810 S.W.2d 197, 199 (Tex.Crim.App. 1991).

■ "Subject to rare exceptions, an [information] which tracks the language of the ... statute will be legally sufficient and the State need not allege facts which are merely evidentiary in nature." *DeVaughn,* 749 S.W.2d at 67; *see also Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Crim.App.1981) (op. on reh'g); *Walker v. State,* 828 S.W.2d 485, 490 (Tex.App.—Dallas 1992, pet. ref'd). A motion to quash should be granted only where the language regarding the accused's conduct is so vague or indefinite that it fails

to give the accused adequate notice of the acts he allegedly committed. *DeVaughn,* 749 S.W.2d at 67. In the face of a timely motion to quash, the information must allege on its face facts necessary to show the offense was committed, to bar a subsequent prosecution for the same offense, and to give the accused notice of the precise offense with which he is charged. *Id.; Walker,* 828 S.W.2d at 489–90. If a statute identifies more than one method by which it can be violated, the trial court should grant a timely motion to quash and require the State to specify the method or methods by which it intends to prove the accused violated the statute. *See Drumm v. State,* 560 S.W.2d 944, 946–47 (Tex.Crim.App. 1977); *see also Saathoff v. State,* 891 S.W.2d 264 (Tex.Crim.App.1994). This Court reviews the trial court's denial of a motion to quash under an abuse of discretion standard. *See Thomas,* 621 S.W.2d at 163; *Karnes v. State,* 873 S.W.2d 92, 100 (Tex.App.—Dallas 1994, no pet.).

### B. Application of Law to Facts

■ The criminal information in appellant's case alleged that:

> [O]n or about the 20th day of August A.D., 1992 in the County of Dallas and State of Texas, [appellant] did unlawfully knowingly and intentionally drive and operate a motor vehicle on a public street and highway there situated when defendant had been issued a Texas operator['s] license, and the said license was then and there suspended by the Texas Department of Public Safety, under the authority and provisions of Art[.] 6701h, Sec[.] 13(a) Vernon's Annotated Texas Civil Statutes, [a]gainst the peace and dignity of the state.

Appellant filed a motion to quash the information which specifically asked the State to allege: (1) the date of each judgment; (2) the cause number of each judgment; and (3) the court in which each judgment issued, including the city and county. The trial court denied the motion to quash by written order.

The language contained in the information sufficiently tracks the statutory language of article 6701h, section thirty-two, and alleges that the suspension was entered pursuant to section 13(a) of article 6701h. Section 13(a)

454 ■

deals specifically with licenses suspended for failure to satisfy judgments. It does not contain multiple bases upon which a license could be suspended as was the case found in *Drumm*. The information appellant sought to have included in the information was evidentiary in nature and not essential to give him notice of the offense with which he was charged. *See DeVaughn*, 749 S.W.2d at 67.

We conclude the trial court did not err in denying appellant's motion to quash the information. We overrule appellant's second point of error.

## ADMISSION OF HEARSAY EVIDENCE

In his third point of error, appellant contends the trial court erred in admitting State's Exhibit two. State's Exhibit two contains the following information: (1) a certified report documenting appellant's driver's license history and a list of convictions for traffic violations ("driving record"); and (2) a certified copy of an order of suspension dated May 27, 1983. Appellant objected to the admission of State's Exhibit two on the grounds that the State failed to show it was related to appellant, the State failed to prove the reliability of the entries contained in the driving record, and the information contained in the driving record was hearsay. The trial court overruled appellant's objection and admitted State's Exhibit two without specifying upon which basis the documents were admissible.

### A. Standard of Review

■ Error may not be predicated upon a ruling which admits evidence unless a substantial right of the party is affected and a timely objection appears in the record, stating the specific ground for the objection if such is not apparent from the context. *See* TEX.R.CRIM.EVID. 103(a)(1). The trial court has broad discretion to admit or exclude evidence. *See Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim.App.1991) (op. on reh'g); *McIntosh v. State*, 855 S.W.2d 753, 769 (Tex.App.—Dallas 1993, pet. ref'd) (op. on reh'g). This Court will reverse a trial

court's ruling only rarely, and only after a clear abuse of discretion is shown. *Montgomery*, 810 S.W.2d at 392 (citing *United States v. Maggitt*, 784 F.2d 590, 597 (5th Cir.1986)); *see also McIntosh*, 855 S.W.2d at 769.

### B. Analysis

■ Appellant argues that State's Exhibit two contained hearsay which was not admissible under the Business Record exception (rule 803(6))[1] to the hearsay rule. Appellant contends the information contained in the exhibit did not meet the requirements of this exception because Martinez testified she did not know the source of the information contained in the exhibit nor could she verify its accuracy. Appellant also claims the State failed to prove that the data was transmitted by someone with personal knowledge of the events in the regular course of business.

The State responds that State's Exhibit two was properly admitted under the Public Record exception (rule 803(8))[2] to the hearsay rule and was also admissible under rule 803(6). Although appellant does not challenge the admissibility of State's Exhibit two under rule 803(8), a record not admissible under rule 803(8)(B) as a matter observed by law enforcement personnel cannot be admitted under rule 803(6). *See Cole v. State*, 839 S.W.2d 798, 806 (Tex.Crim.App.1990). We will, therefore, first address this argument.

Rule 803 provides the following is not excluded by the hearsay rule, even though the declarant is available as a witness:

(8) **Public Records and Reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, matters observed by police officers and other law enforcement personnel, or (C) against the state, factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information

1. All references to Rule 803(6) are to TEX.R.CRIM. EVID. 803(6).

2. All references to Rule 803(8) are to TEX.R.CRIM. EVID. 803(8).

or other circumstances indicate lack of trustworthiness.

TEX.R.CRIM.EVID. 803(8). In *Cole*, the trial court admitted reports prepared by a chemist for the DPS forensics laboratory in an aggravated sexual assault case through the testimony of the supervising chemist. The court of criminal appeals held that the reports were not admissible under rule 803(8)(B) because the chemist who prepared the report fell into the category of other law enforcement personnel. *Cole*, 839 S.W.2d at 805. The court applied a two-pronged test in reaching its result: "(1) whether the reports were objective, routine, scientific determinations of an unambiguous factual nature prepared by officials with no inherent motivation to distort the results; and (2) the adversarial context in which the relevant tests were conducted." *Garcia v. State*, 868 S.W.2d 337, 340 (Tex.Crim.App.1993) (explaining analysis used in *Cole*). The *Cole* court reasoned that a "DPS laboratory is a uniquely litigious and prosecution-oriented environment." *Cole*, 839 S.W.2d at 809–10 (op. on reh'g) (per curiam). The court also reasoned that:

> The items upon which the tests were performed were collected as part of investigating a crime, and the reports prepared by the DPS chemist were unquestionably a product of evaluating the results of that investigation. Further, and perhaps most importantly, the reports were not prepared for purposes independent of specific litigation, nor were they ministerial, objective observations of an unambiguous factual nature.

*Id.* at 804–05. However, the court did note that it did not intend *Cole* to be construed as holding that all law enforcement reports were inadmissible under rule 803(8)(B). *See id.* at 807 n. 5.

State's Exhibit two was self-authenticated at the time it was introduced through Martinez. *See* TEX.R.CRIM.EVID. 902(4).[3] Appellant does not challenge this. Martinez testified that DPS received court orders and paperwork submitted by police departments. She did not personally know who entered the information into the computer. She further testified that as deputy custodian of the records, she kept the information contained in State's Exhibit two under her care, custody, and control upon receiving the certified copies from the other records custodians.

Unlike the chemist report found in *Cole*, the driving record and order of suspension admitted in appellant's case do not contain test results of scientific analyses which were subject to individual interpretation. *See Tanner v. State*, 875 S.W.2d 8, 9 (Tex.App.— Houston [1st Dist.] 1994, pet. ref'd). The order of suspension was not prepared for purposes of litigation. *See id.* Rather, appellant's driving record and the order of suspension "are documents recording routine, objective observations, made as part of the everyday function of the DPS." *Id.* at 10. The information is essentially "ministerial, objective observations of an unambiguous factual nature." *See Cole*, 839 S.W.2d at 804–05. The factors found by the *Cole* court to affect the "perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present." *Tanner*, 875 S.W.2d at 10. The fact that an individual's driving record may be used in a criminal prosecution does not implicate the same concern of unreliability involved when reports are prepared in contemplation of litigation. *See Garcia*, 868 S.W.2d at 341–42.

We conclude that State's Exhibit two was properly admitted under rule 803(8)(B) as a public record. We overrule appellant's third point of error.

We affirm the trial court's judgment.

---

3. Rule of Criminal Evidence 902 states "extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:"

> (4) **Certified copies of public records.** A copy of any official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1), (2), or (3) of this rule or complying with any statute or court rule prescribed pursuant to statutory authority.