**AFFIRMED, and Opinion Filed May 28, 1997**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-94-01878-CR

---

## BENJI LAVON ADAMS, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F94-03676-WI**

---

# O P I N I O N

Before Justices Ovard, Morris, and James
Opinion By Justice James

Appellant Benji Lavon Adams appeals from a jury conviction for unauthorized use of a motor vehicle. The trial court found the enhancement paragraphs true and assessed punishment at sixty years. In his sole point of error, appellant contends the evidence is insufficient to support his conviction. From appellant's brief, we cannot decipher whether he is arguing legal or factual insufficiency. We will therefore address both. Because the

evidence supports a conviction for unauthorized use of a motor vehicle, we affirm the trial court's judgment.

The testimony elicited from the trial establishes that Officer Paul Junger responded to a silent alarm at a warehouse on December 19, 1993. According to Junger, Donald Culpepper reported a red Chevy Lumina Astro missing. Junger broadcast the information over the computer and made the dispatchers aware that the van had been taken during the commission of a burglary at the warehouse.

Officer Lucas Flores testified that he noticed a van matching the description given over the computer driving northbound on Hatcher. He ran the license plate and the computer listed the van as stolen. Flores called for cover because he was alone and there were two people in the van. After two other patrol cars arrived, the officers turned on their red lights. The van did not stop. Instead, it increased speed and weaved in and out of traffic. Finally, the van pulled into a gas station and the police ordered the passenger out of the vehicle.

Flores approached the driver's side. Flores identified appellant as the man driving the vehicle. Flores noticed that the van began inching forward before the officers could compel the driver to exit from the vehicle. Flores quickly returned to his vehicle as the van drove away from the gas station. Flores, and eventually other patrol cars, chased the van. Finally, the officers stopped the van for the second time and arrested appellant. The van had a broken steering column. Flores testified that appellant was the only person he saw

driving the van from the time he first noticed the van until the police arrested appellant. Flores described the passenger arrested at the gas station as a black, stocky male approximately five feet seven or eight inches in height.

Donald Culpepper, an employee with Oley Distributing, drove to the warehouse after the alarm company contacted him. After the police arrived, he reported the van as stolen. Culpepper testified that both sets of keys were in his office and he had not authorized anyone to drive the vehicle.

Appellant testified that he accepted a ride from Timothy Walker after work. He told Walker he would pay him for the ride. Appellant described Walker as six feet two inches, dark-skinned, and slim. Appellant described his own weight as two hundred and thirty pounds. Appellant said the police started following them and he told Walker to let him out of the van. Walker stopped at a gas station, appellant got out of the van, and the police arrested him. Appellant did not recognize Flores as being present at the gas station. He recalled that a female officer arrested him. Appellant said he sat in one of the patrol cars for approximately twenty minutes and heard details concerning the second chase of the van. Appellant denied driving the van. Appellant testified that Walker had keys and he did not notice a broken steering column.

Officer Joe D. Henry testified that he participated in the chase after the van left the gas station. Henry saw the van stop and arrested appellant. He identified appellant as the driver of the van.

In reviewing legal sufficiency, we evaluate the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Brewer v. State*, 852 S.W.2d 643, 645 (Tex. App.--Dallas 1993, pet. ref'd). We employ the same standard when reviewing circumstantial or direct evidence. *Smith v. State*, 895 S.W.2d 449, 452 (Tex. App.--Dallas, 1995, pet. ref'd). Every fact does not have to point directly to the defendant's guilt. *Id.* Instead, a rational trier of fact may conclude the defendant is guilty based on the "combined and cumulative force of all incriminating circumstances." *Id.*

The jury is the sole judge of the witnesses' credibility and the weight to be accorded trial testimony. *See Banda v. State*, 890 S.W.2d 42, 50 (Tex. Crim. App. 1994), *cert. denied*, 115 S. Ct. 2253 (1995). As such, the jury may resolve conflicts in the evidence, accept one version of the facts, disbelieve a party's evidence, and resolve any inconsistencies in favor of either party. *McIntosh v. State*, 855 S.W.2d 753, 763 (Tex. App.--Dallas 1991, pet. ref'd).

In reviewing factual sufficiency as opposed to legal sufficiency, we do not view the evidence in the light most favorable to the prosecution. *Clewis v. State*, 922 S.W.2d 126, 134-35 (Tex. Crim. App. 1996). We set aside the verdict, however, only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* We remain deferential to avoid substituting our judgment for the factfinder's. *Id.* at 133-36. We

will not reweigh the evidence and set aside the verdict merely because we believe a different result is more reasonable. *Id*. at 135. Thus, we review the factfinder's weighing of the evidence and can disagree with the factfinder's conclusion, but we exercise our jurisdiction only to prevent a manifestly unjust result. *Id*. at 132-33.

To support a conviction for unauthorized use of a motor vehicle, the State must prove appellant intentionally or knowingly operated the van in question without the effective consent of the owner, in this case Culpepper. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3589, 3643 (current version at TEX. PENAL CODE ANN. § 31.07 (Vernon 1994)). Appellant contends that the State failed to prove he knowingly operated the van because he testified he was not the driver of the vehicle, but the passenger.

In this case, Culpepper testified that someone stole the van from the warehouse without permission. Flores identified appellant in court as the driver of the vehicle. He testified that he saw appellant driving the van when it stopped at the gas station and again after the second chase. Henry identified appellant in court as the driver of the vehicle. Henry testified that he arrested appellant after the second chase. Appellant testified that he was the passenger of the van and that the police arrested him after he got out of the van at the gas station.

The parties presented competing theories as to the identity of the person driving the stolen van. As the sole judge of witness credibility, and after hearing testimony from the

police officers and appellant, the jury found appellant guilty. A rational trier of fact could determine from the evidence that appellant was the driver of the stolen van. Moreover, we conclude the jury's verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule appellant's point of error.

Accordingly, we affirm the trial court's judgment.

_____
TOM JAMES
JUSTICE

Do Not Publish
Tex. R. App. P. 90
941878F.U05