COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| RICHARD NEAL MCDUFF, | | No. 08-10-00104-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 271st District Court |
| | § | |
| THE STATE OF TEXAS, | | of Wise County, Texas |
| | § | |
| Appellee. | | (TC # CR15047) |
| | § | |

**O P I N I O N**

Richard Neal McDuff appeals from a conviction of felony driving while intoxicated. A jury found Appellant guilty and assessed his punishment at a fine of $5,000 and imprisonment for eight years. We affirm.

**FACTUAL SUMMARY**

On October 14, 2008, Royce Gastineau III, who is a police officer employed by the City of Decatur, was on patrol in Decatur when he saw a vehicle driven by Appellant. Gastineau entered the license plate number into the MBT computer terminal in his patrol car and learned that the registration had expired in November of 2007. Consequently, Gastineau initiated a traffic stop. Gastineau approached the vehicle and observed that Appellant displayed signs of intoxication including bloodshot and watery eyes. Gastineau could smell the odor of an alcoholic beverage in the vehicle and he found two open containers. At Gastineau's request, Appellant exited the vehicle. Gastineau could smell the odor an alcoholic beverage on Appellant's breath and Appellant admitted that he had consumed two beers earlier in the evening. Gastineau administered three field sobriety tests, the horizontal gaze nystagmus test, the walk-and-turn, and the one-leg stand. Appellant's

performance of each test indicated intoxication. Based on his training and experience, Gastineau concluded that Appellant had lost the normal use of his mental and physical faculties and he placed him under arrest for driving while intoxicated.

Prior to trial, Appellant filed a motion to suppress alleging that the State had not offered any evidence during discovery to verify that the vehicle registration was expired at the time of the traffic stop. The trial court did not conduct a pretrial evidentiary hearing on the motion but overruled it after hearing the arguments of counsel. At trial, Appellant reurged his motion to suppress when Gastineau testified about running the license plates through the MBT computer terminal in the patrol car. Appellant also raised a hearsay objection to Gastineau's testimony regarding the result of the vehicle registration check. The trial court overruled the objection and granted Appellant's request for a running objection to Gastineau's testimony and the evidence seized.

## MOTION TO SUPPRESS

In his sole issue, Appellant contends that the trial court erred by denying his motion to suppress because the arresting officer did not have authority to stop the vehicle. Appellant argues that the State failed to offer proof, other than Gastineau's hearsay statement, that the vehicle's registration had expired.

### Standard of Review

We review the trial court's ruling on a motion to suppress for abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex.Crim.App. 2008). At a suppression hearing, the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). As such, the trial judge may choose to accept or reject any or all of the testimony offered. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Peralta v. State*, --- S.W.3d ----, 2010 WL 4851388 (Tex.App.--El Paso

2010, no pet.). We give almost total deference to a trial court's express or implied determination of historical facts and review *de novo* the court's application of the law of search and seizure to those facts. *Shepherd*, 273 S.W.3d at 684. When, as here, the trial court makes no explicit findings of fact, all evidence is viewed in the light most favorable to the trial court's ruling. *Torres v. State*, 182 S.W.3d 899, 902 (Tex.Crim.App. 2005).

## Briefing Deficiency

In this issue, Appellant relies on both the Fourth Amendment and Article I, Section 9 of the Texas Constitution but he does not include argument or authority explaining how the protection provided by the Texas Constitution differs from the protection provided by the United States Constitution. State and federal constitutional claims should be argued in separate grounds, with separate substantive analysis or argument provided for each ground. *Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993); *Heitman v. State*, 815 S.W.2d 681, 690-91 n. 23 (Tex.Crim.App. 1991). Because Appellant has inadequately briefed the portion of the issue related to Article I, Section 9, nothing is presented for our review. *See Muniz*, 851 S.W.2d at 251-52; TEX.R.APP.P. 38.1(I). Our analysis is therefore restricted to the Fourth Amendment.

## The Reporter's Record

The trial court did not conduct an evidentiary pretrial hearing on the motion to suppress but denied the motion after hearing argument. The parties relitigated the suppression issue at trial and the court overruled Appellant's objections after hearing the evidence. In reviewing a trial court's ruling on a motion to suppress, we generally consider only evidence adduced at the suppression hearing, since the ruling is generally based on that evidence, rather than evidence introduced later in the trial. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex.Crim.App. 2007). If the suppression issue was relitigated at trial, however, we consider the trial evidence as well. *See Gutierrez*, 221 S.W.3d

at 687; *Rachal v. State*, 917 S.W.2d 799, 809 (Tex.Crim.App. 1996). Therefore, we will consider the trial testimony in our analysis.

*Reasonableness of the Traffic Stop*

The Transportation Code provides that a person commits an offense if the person operates a passenger car on a public highway that does not display two license plates (1) assigned by the department for that period or (2) validated by a registration insignia issued by the department that establishes the vehicle is registered for the registration period. TEX.TRANSP.CODE ANN. § 502.404 (West Supp. 2010). If a police officer observes a person committing a traffic violation, the officer may arrest the person without a warrant. TEX.TRANSP.CODE ANN. §543.001 (West 1999).

When a police officer signals that a driver should stop a moving vehicle, and in response, the driver actually stops the vehicle, then the driver and all passengers inside the vehicle have been seized under the Fourth Amendment. *Arizona v. Johnson*, 555 U.S. 323, 129 S.Ct. 781, 784, 788, 172 L.Ed.2d 694 (2009); *Berkemer v. McCarty*, 468 U.S. 420, 436-37, 104 S.Ct. 3138, 3148, 82 L.Ed.2d 317 (1984). Consequently, the traffic stop must be reasonable. U.S. CONST. AMEND. IV; TEX.CONST. art. I, § 9; *Francis v. State*, 922 S.W.2d 176, 178 (Tex.Crim.App. 1996). A routine traffic stop closely resembles an investigative detention. *Zervos v. State*, 15 S.W.3d 146, 150 (Tex.App.--Texarkana 2000, pet. ref'd), *citing Berkemer*, 468 U.S. at 436-37, 104 S.Ct. at 3148. It typically involves only a short, investigative detention, as opposed to a custodial arrest. *See Berkemer*, 468 U.S. at 436-37, 104 S.Ct. at 3148. We analyze the validity of the stop under the principles applicable to an investigative detention or *Terry* stop.[1] *See Martinez v. State*, 236 S.W.3d 361, 369 (Tex.App.--Fort Worth 2007, pet. dism'd untimely filed); *Peralta*, --- S.W.3d ----, 2010 WL 4851388 at *6.

---

[1] *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880 20 L.Ed.2d 889 (1968).

An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Id.* This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.* A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id.* at 492-93.

Officer Gastineau testified that he stopped the vehicle Appellant was driving after receiving information provided by his on-board computer terminal that the vehicle registration had expired in November of 2007. Appellant argues that the State failed to prove that Appellant had committed a traffic violation because it did not offer any evidence to substantiate Gastineau's hearsay testimony regarding the expired registration. But the State is not required to prove that the defendant actually violated a particular statute in order to establish reasonable suspicion or probable cause. *McQuarters v. State*, 58 S.W.3d 250, 255 (Tex.App.--Fort Worth 2001, pet. ref'd). The State is only required to elicit testimony that the officer knew sufficient facts to reasonably suspect that the defendant had violated a traffic law. *McQuarters*, 58 S.W.3d at 255. Hearsay is generally admissible in a suppression hearing. *See Granados v. State*, 85 S.W.3d 217, 227 (Tex.Crim.App. 2002); TEX.R.EVID. 104(a). Even if the State could not rely on hearsay to establish reasonable suspicion, an officer's testimony regarding a vehicle registration check, like testimony regarding a driver's license check, is admissible under the public records exception. TEX.R.EVID. 803(8); *see Nieschwietz v. State*, No. 04-05-00520-CR, 2006 WL 1684739 at *6 (Tex.App.--San Antonio 2006, Nov. 8, 2006, pet. ref'd)(officer's testimony regarding driver's license check admissible under public

records exception); *Price v. State*, No. 08-01-00073-CR, 2002 WL 471343 at *6-7 (Tex.App.--El Paso March 28, 2002, pet. ref'd)(not designated for publication)(officer's testimony regarding driver's license check on computer was admissible under public records exception); *see also Smith v. State*, 895 S.W.2d 449, 455 (Tex.App.--Dallas 1995, pet. ref'd)(defendant's driving record and order suspending driver's license are admissible under public records exception); *Tanner v. State*, 875 S.W.2d 8, 9-10 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd)(same). Further, the information provided to an officer by a computer return can by itself support a determination of reasonable suspicion. *See Kelly v. State*, 721 S.W.2d 586, 587 (Tex.App.--Houston [1st Dist.] 1986, no pet.)(officer had reasonable suspicion to stop vehicle where he ran vehicle's license plates on computer in patrol car and received erroneous information that the vehicle had been reported as stolen). The initial stop of the vehicle was reasonable because the evidence established that Gastineau had reasonable suspicion to believe that Appellant was operating the vehicle in violation of Section 502.404 of the Transportation Code. The trial court did not err by denying Appellant's motion to suppress. We overrule the sole issue on appeal and affirm the judgment of the trial court.

May 11, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)