

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00034-CV

_____

IN THE MATTER OF I.R.M.

On Appeal from the County Court at Law No. 1
Denton County, Texas
Trial Court No. JV-2012-746

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

I.R.M., a juvenile, was placed under a court order to attend school regularly after he was found to have committed the offense of truancy.[1]  After, I.R.M. did not heed the order, the State filed a petition in Denton County[2] regarding "child engaged in delinquent conduct," specifying the ground for the petition was I.R.M.'s inability to comply with "a lawful court order" because he "failed to attend each entire class of every regularly scheduled day of school as required, for a period of six months from the date of this Court's order."  The petition listed twenty-five separate dates within a two-month period in which I.R.M. skipped school.  I.R.M. filed a motion to quash the petition, alleging, *inter alia*, that the petition failed to comply with requirements of Section 25.0915 of the Texas Education Code.  The motion to quash was denied, and the court entered an order of adjudication declaring that I.R.M. had engaged in delinquent conduct.  I.R.M. appeals the trial court's denial of his motion to quash the petition.  Finding that I.R.M. had adequate notice of the offense alleged in the petition, we affirm the trial court's judgment.

The point of error in I.R.M.'s briefing is stated in the following manner:  "Whether Texas Education Code Section 25.0915 applies to a Contempt of Magistrate petition when the

---

[1]"On a finding by a county, justice, or municipal court that an individual has committed an offense under Section 25.094, Education Code, the court has jurisdiction to enter an order that includes one or more of the following provisions requiring that (1) the individual (A) attend school without unexcused absences." TEX. CODE CRIM. PROC. ANN. art. 45.054 (West Supp. 2012).  Section 25.094, titled "Failure to Attend School," addresses truancy and authorizes a trial court to enter an order pursuant to Article 45.054 of the Texas Code of Criminal Procedure. TEX. EDUC. CODE ANN. § 25.094(c) (West 2012).

[2]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

underlying offense is Failure to Attend School and the violation resulting in filing the contempt petition is truancy." Section 25.0915(b) states:

> Each referral to juvenile court for conduct described by Section 51.03(b)(2), Family Code, or complaint filed in county, justice, or municipal court alleging a violation by a student of Section 25.094 must:
>
> (1) be accompanied by a statement from the student's school certifying that:
>> (A) the school applied the truancy prevention measures adopted under Subsection (a) to the student; and
>>
>> (B) the truancy prevention measures failed to meaningfully address the student's school attendance; and
>
> (2) specify whether the student is eligible for or receives special education services under Subchapter A, Chapter 29.

TEX. EDUC. CODE ANN. § 25.0915(b) (West 2012). Section 51.03 of the Texas Family Code is divided into two separate categories. Subpart (a) describes delinquent conduct as "conduct that violates a lawful order of a court under circumstances that would constitute contempt of that court," while subpart (b) describes "conduct indicating a need for supervision," including truancy. TEX. FAM. CODE ANN. § 51.03 (West Supp. 2012). Although Section 25.0915(b)'s school certification requirements are necessary only for "conduct described by Section 51.03(b)(2)," I.R.M. suggests that we should interpret the statute to mean that such certifications are necessary in Section 51.03(a) cases because "this case is essentially a truancy case on a truancy case." TEX. EDUC. CODE ANN. § 25.0915(b). In other words, I.R.M. believes the requirements should be applied to any case in which truancy is the underlying issue.

We need not address I.R.M.'s arguments relating to statutory construction, as they have no bearing on whether the trial court erred overruling the motion to quash the petition.

3

"Due process requires that a juvenile must be informed of the specific issues he is to meet." *In re B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.—Fort Worth 2002, no pet.) (citing *In re Gault*, 387 U.S. 1, 33 (1967)). "A motion to quash should be granted only where the language regarding the accused's conduct is so vague or indefinite that it fails to give the accused adequate notice of the acts he allegedly committed." *Id.* (citing *Smith v. State*, 895 S.W.2d 449, 453 (Tex. App.—Dallas 1995, pet. ref'd)). In juvenile adjudications of delinquent conduct, "[w]e will uphold the trial court's denial of [a] motion to quash as long as it did not abuse its discretion." *Id.* (citing *Smith*, 895 S.W.2d at 453; *Williams v. State*, 834 S.W.2d 613, 615 (Tex. App.—San Antonio 1992, no pet.)). Petitions for a juvenile adjudication hearing, which are governed by the Texas Family Code, must state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." TEX. FAM. CODE ANN. § 53.04(d)(1) (West Supp. 2012). "It is not, however, essential that the petition allege an offense with [the] particularity of a criminal indictment." *B.P.H.*, 83 S.W.3d at 405 (citing *In re A.B.*, 868 S.W.2d 938, 940 (Tex. App.—Fort Worth 1994, no writ)). "The State is not required to plead additional facts unless they are essential to proper notice." *Id.* "The charge need only be reasonable and definite." *Id.*; *see In re J.F.C.*, 03-09-00298-CV, 2010 WL 3431689, at *1 (Tex. App.—Austin Aug. 31, 2010, no pet.) (mem. op.); *In re R.R.*, No. 12-07-00041-CV, 2008 WL 2440229, at *1 (Tex. App.—Tyler June 18, 2008, no pet.) (mem. op.).

In reading I.R.M.'s appellate brief, it is clear that the petition gave him proper notice of the offense alleged against him. The State's petition alleged specifically that I.R.M. had committed "delinquent conduct" by violating a trial court's order "in Cause Number SJ12-

4

036J2" requiring him to attend school. These allegations placed the offense within the prohibitions of Section 51.03(a) of the Texas Family Code. The petition also set forth twenty-five specific dates on which the violations were committed. In fact, the motion to quash correctly stated that I.R.M. "stands charged by petition with the offense of Contempt of Magistrate," and I.R.M.'s counsel also identified the petition as a "contempt of magistrate petition" during his opening argument at the motion to quash hearing. In I.R.M.'s appellate briefing, there is no indication that I.R.M. was left unaware of the acts he allegedly committed. Based on these facts, we cannot find that the trial court abused its discretion in denying the motion to quash. We overrule I.R.M.'s sole point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:    July 24, 2013
Date Decided:      July 30, 2013

5