**Affirm and Opinion Filed April 9, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00851-CR

**KENTRESE ELAINE JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-85688-2012**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Bridges

Kentrese Elaine Jones appeals her conviction for theft of property in an amount greater than $50 and less than $500. The trial court found appellant guilty and sentenced her to ninety days in jail, suspended for one year. In a single issue, appellant challenges the sufficiency of the evidence to support her conviction. We affirm the trial court's judgment.

On July 3, 2012, Christian Edwards was working as a sales associate at a Tommy Hilfiger store in the Allen Outlet Mall, an outdoor shopping mall. Edwards approached a group of three women and asked if she could help them. Edwards identified the women as the one with the flower dress, the one with the headband, and the pregnant one. The woman with the flower dress asked Edwards to get her a few things from the back and a fitting room. Edwards counted how many items the woman had, saw she had more than the limit, and set the extra items aside

"because she said she wanted for sure to get them." Edwards counted items customers took into the fitting room so she could tell her manager if anything was missing when the customer came out. When the woman came out of the fitting room, she had fewer items than she took in. She took in approximately six items and came out with "maybe four, three." The woman's "attitude started changing," and Edwards told her manager something was wrong. The woman carried a "black bag," and Edwards noticed as she watched the bag started getting "more full than when she came in."

The pregnant woman "looked like she was in a way being a lookout." She was following the other two women and informing them when somebody was watching them. The woman with the flower dress and the pregnant woman left the store, the "store security went off," and the women ran away. The woman with the headband stayed in the store for "a minute or two" after the other two women left, and she had a duffle bag. She asked Edwards where her two friends were and "got rude" when Edwards did not know. The woman with the headband hid the duffle bag under a clearance rack and left the store. Edwards went through the duffel bag and found merchandise that had not been purchased. Edwards' manager called the police. When the police officers arrived, they said they had already pulled the women over and found Tommy Hilfiger merchandise in the trunk of their car. Officers drove Edwards to where the women had been pulled over, and Edwards recognized the three women who had been in the store and a fourth woman she had not seen before.

Allen police officer Derek Malena was finishing working a traffic accident on Highway 75 when a call came over the radio saying a theft had just occurred at the outlet mall. The call described a white Buick Regal, gave a partial license plate, and said there were four black females in the car. Based on his training and experience, Malena believed the thieves might be using Highway 75 to drive to Dallas, and he waited on the shoulder of the highway to see if he

could observe the vehicle. Within "less than two minutes," Malena saw the car and pulled it over. Malena identified appellant as the driver of the car, and he also identified the three other women in the car. When another officer arrived, Malena had appellant and the three other women exit the car and sit by the side of the road. Malena asked appellant for consent to search the car, and she gave it. Nothing in the passenger compartment of the car made Malena think he "had stolen property here." However, when he used the key to open the trunk, he found several items of clothing, all with tags still attached. The clothes came from Tommy Hilfiger and several other stores. Malena looked for a receipt to show the clothes had been paid for but was "unable to locate a register receipt anywhere." There were also no shopping bags in the car. The "witness from Tommy Hilfiger" had specifically identified a plaid dress and a pair of green shorts, and Malena found those items "directly on top as soon as [he] opened the trunk." The trunk also contained clothing from Aeropostale, American Eagle, Gymboree, and Rue 21, stores that were also located at the outlet mall. Malena asked how the items could have gotten in the car. Appellant said, "I put them in the trunk. I didn't ask nobody nothing. I'm driving."

Appellant was subsequently charged with theft of property. The information charging appellant with theft alleged she appropriated property of the value of $50 or more but less than $500 from Tommy Hilfiger and C. Edwards without the effective consent of the owner and with intent to deprive the owner of property. In addition to the testimony of Edwards and Malena, the State introduced a disc containing approximately 107 pictures of the property found in appellant's car. Appellant's counsel stated he had no objection "to the extent there are any photos of items taken from the Hilfiger store." As to photos of items taken from other stores, he objected "based on relevance." The prosecutor argued the photos of items taken from other stores were "relevant to intent and knowledge" under "31.03." The trial judge overruled

appellant's objection, stating that 31.03 was applicable. The trial judge subsequently found appellant guilty of theft, and this appeal followed.

In a single issue, appellant argues the evidence is insufficient to support her conviction. Specifically, appellant argues the State failed to adequately prove she had knowledge of the stolen property. The only relevant standard when reviewing the sufficiency of the evidence is the standard set out in *Jackson v. Virginia,* 443 U.S. 307 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). In determining the sufficiency of the evidence, an appellate court is to consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. We defer to the factfinder's determinations of the witnesses' credibility and the weight to be given their testimony, because the factfinder is the sole judge of those matters. *Id.* at 326.

A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property without the owner's effective consent. TEX. PENAL CODE ANN. § 31.03(a), (b)(1) (West Supp. 2013). A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. *Id.* § 7.01(a) (West 2011). As applicable to this case, a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2) (West 2011).

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A defendant's intent, in particular, may be inferred from his words,

–4–

acts, and conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). In other words, intent and knowledge are fact questions and are almost always proven through evidence of the circumstances surrounding the crime. *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). Circumstantial evidence alone may be used to prove that a person is a party to an offense. *Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006).

The factfinder may draw reasonable inferences and make reasonable deductions from the evidence. *Smith v. State*, 895 S.W.2d 449, 452 (Tex. App.—Dallas 1995, pet. ref'd). Here, the record shows appellant owned the car with the property stolen from Tommy Hilfiger locked in the trunk. The trunk required a key to open, and appellant, as the owner of the car, presumably had the key to the trunk in her sole possession. There was no stolen property in the passenger compartment of the car. Appellant admitted putting the stolen items in the trunk. Thus, the record shows appellant admitted placing additional items in a trunk containing approximately a hundred items from multiple stores at the outlet mall. There were no shopping bags or receipts in the trunk or in the car. Thus, the record supports the reasonable inference that appellant saw the items being carried in the "black bag" and duffel bag without a shopping bag or receipt and knew the items were stolen. *See id.* Edwards testified "store security went off" when the woman with the flower dress and the pregnant woman left the Tommy Hilfiger store, and they ran away. The record therefore supports the reasonable inference that the two women were running when they got to appellant's car and appellant took the Tommy Hilfiger merchandise and put it in her trunk. Appellant offered no explanation as to how the items came to be in the trunk without appellant's three companions having stolen the items as they made their way from store to store at the outlet mall.

The record shows the trial judge discussed the presence of antifreeze in appellant's trunk and reasoned "Nobody would take brand new, hundreds of dollars worth of clothing, throw them

–5–

in the back of the trunk when they had a full-sized vehicle and only four adults in it, that they could have put their purchased items into." The trial judge noted, in contrast, the items were thrown "into a greasy trunk where we have things like Peak antifreeze" and risked becoming soiled. The trial judge emphasized the items were from five different stores, and it is "common practice and common sense, when you go shopping, that when you leave the department store, that they put your items in a bag for you." Thus, the trial judge, as trier of fact, could draw the reasonable inference that appellant was guilty as a party to the theft of the items from Tommy Hilfiger when she placed the items in her trunk after the other women stole the items. *See id.* Appellant argues there was no evidence the other items of clothing recovered from appellant's trunk were stolen. Therefore, appellant argues, the trial court erred in applying the presumption of knowledge and intent under section 31.03 because there was no evidence appellant had participated in any other "previous similar transactions." In making this argument, appellant complains the trial court erred in characterizing the other items as "stolen" when there was no evidence to show they were stolen.

On the contrary, it was reasonable to infer that more than a hundred different items taken without receipts or shopping bags from multiple stores were stolen and placed in the trunk as a hiding place. In addition, the absence of any shopping bags indicates the women placed the items in the "black bag" and duffel bag and carried the items out of the stores without purchasing them. The record clearly demonstrates the Tommy Hilfiger items were stolen. It is a reasonable inference from the evidence that the other items, similarly unbagged and secreted in appellant's trunk, were also stolen. *See Smith*, 895 S.W.2d at 452; *see also* TEX. PENAL CODE ANN. § 31.03(c)(1) (West Supp. 2013) ("evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the

actor's plea of not guilty."). Thus, the trial judge did not err in applying section 31.03 and concluding the other items were stolen and showed appellant acted knowingly. We conclude the evidence, taken as a whole, was sufficient to show appellant was guilty as a party of theft. *See Jackson*, 443 U.S. at 319. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130851F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KENTRESE ELAINE JONES, Appellant

No. 05-13-00851-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Collin County, Texas
Trial Court Cause No. 002-85688-2012.
Opinion delivered by Justice Bridges.
Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 9, 2014

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE