

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00204-CR

CHRISTOPHER AARON RESENDES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 70,061-A, Honorable Edward Lee Self, Presiding

June 29, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Christopher Aaron Resendes, was convicted of possession of a controlled substance, methamphetamine, in an amount of more than one gram but less than four grams.[1] He was sentenced to ten years' imprisonment and a $2,000 fine. In his sole issue on appeal, he contends the evidence is insufficient to prove that the methamphetamine weighed one gram or more. We will affirm.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West Supp. 2017), § 481.115(c) (West 2017).

## Background

On the morning of February 9, 2015, Amarillo police officers searched appellant's residence pursuant to a search warrant. Officers found various drug paraphernalia, including a pipe and empty baggies with apparent methamphetamine residue. In their search of the hollow steel frame of appellant's wheelchair, officers also found three small plastic baggies containing a crystal substance that appeared to be methamphetamine.

A forensic scientist for the Texas Department of Public Safety Regional Crime Laboratory conducted an analysis on the three baggies of substance recovered from appellant's wheelchair. She determined that the three items had "net weights" of 0.47 grams, 0.55 grams, and 0.54 grams, respectively, and that all three contained methamphetamine.

Appellant was charged with the offense of possession of methamphetamine with intent to deliver. Following a bench trial, he was found not guilty of the offense of possession with intent to deliver, but guilty of the lesser-included offense of possession of methamphetamine in an amount of more than one gram but less than four grams.

## Standard of Review

In his sole issue, appellant argues that the evidence is insufficient to establish that the methamphetamine seized weighed one gram or more. In determining whether the evidence is sufficient to support a conviction, we apply the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, we are to consider all the evidence in the light most favorable to the verdict and determine whether, based on

that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

Discussion

To convict appellant of this offense, the State was required to prove, beyond a reasonable doubt, that the methamphetamine appellant possessed was, "by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams." TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).[2] Although the weight of the methamphetamine was not challenged at trial, appellant contends such weight may be less than one gram because the weight of the packaging may not have been taken into account.

At trial, the three baggies of methamphetamine found in appellant's wheelchair were admitted into evidence. The State presented testimony from its expert, a forensic scientist, regarding her scientific analysis of the three items. She testified that the first step in her analysis is to "obtain a net weight." She further testified that each of the three baggies contained methamphetamine and that the baggies had weights of 0.47 grams, 0.55 grams, and 0.54 grams, respectively. She then affirmed, "All of the weights I've stated are the net weight." Neither party asked the witness to explain what "net weight" meant.

---

[2] An adulterant or dilutant is "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 481.002(49) (West 2017); *see also Seals v. State*, 187 S.W.3d 417, 420 (Tex. Crim. App. 2005) (explaining that definition includes any substance added to or mixed with a controlled substance). The State does not challenge appellant's argument that the plastic packaging at issue is not an adulterant or dilutant and should not be included in the aggregate weight.

Appellant argues that the State did not prove that the weight of the methamphetamine, removed from its packaging, was one gram or more. He further maintains that, without an explanation of what "net weight" means, no reasonable inference may be made that the methamphetamine would weigh at least one gram if removed from its packaging. We disagree.

The State's expert testified to a total net weight of 1.56 grams of methamphetamine. She did not define "net weight"; however, the term is one that persons of ordinary intelligence are perfectly capable of understanding. The term "net weight" is commonly understood to mean the weight of an item exclusive of its packaging. *See Net Weight*, BLACK'S LAW DICTIONARY (9th ed. 2009) (defining "net weight" as "[t]he total weight of a thing, after deducting its container, its wrapping, and any other extraneous matter."). At trial, there was no evidence presented to suggest an alternative meaning or understanding of the phrase "net weight."

The factfinder may draw reasonable inferences and make reasonable deductions from the evidence. *Smith v. State*, 895 S.W.2d 449, 452 (Tex. App.—Dallas 1995, pet. ref'd). Here, the trial judge, as factfinder, was entitled to take language at its ordinary meaning. He could have reasonably inferred that when the expert used the phrase "net weight," she meant the weight of the methamphetamine without any packaging.

Moreover, we note that the trial judge personally inspected the evidence, and could have reasonably concluded that the weight of the packaging was negligible. *See, e.g., Beller v. State*, 154 S.W.3d 836, 838 n.1 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (in case where State presented evidence that eight rocks of cocaine weighed 1.7 grams,

4

but rocks had flecks of dirt on them that were not weighed separately and were not adulterants or dilutants, court held that, based on jurors' own inspections of the cocaine and the chemist's testimony, jury reasonably could have concluded that the aggregate weight of the cocaine rocks was more than one gram).

Based on the ordinary meaning of "net weight," and on the reasonable inferences to be drawn therefrom, a rational factfinder could have found that appellant possessed at least one gram of methamphetamine.

Conclusion

We conclude the evidence was sufficient to support appellant's conviction. Accordingly, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.